## UNITED STATES

v.

**Joseph Bernard SYRO, 293 56 7953, Radioman Seaman Recruit (E–1) U. S. Navy.**

**NCM 78 1498.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 June 1978.

Decided 24 Jan. 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before GREGORY and GLADIS, JJ.

DUNBAR, Senior Judge:

In *United States v. Rivera*, 6 M.J. 535 (N.C.M.R.1978), this Court interpreted the prerequisites for introduction of prior summary court-martial convictions as set forth in *United States v. Booker*, 5 M.J. 238 (C.M. A.1977). We concluded that before a record of conviction by summary court-martial may be introduced in a subsequent special or general court-martial, the following requirements of *Booker* must be satisfied: (1) evidence, in writing or established on the record by the trial judge, that the accused was advised of his right to consult with an independent counsel prior to accepting trial by summary court-martial; and (2) evidence, in writing or established on the record by the military judge, of a voluntary, knowing, and intelligent waiver of the statutory right of removal to trial by special or general court-martial.

In *Rivera*, we also demonstrated that the partial reversal of *Booker* following its reconsideration, left no basis in fact or logic for continuation of the above-described requirements. Nevertheless, until the Court of Military Appeals repudiates all the *Booker* holdings, this Court must continue to enforce the mandates proclaimed by that Court in *Booker* irrespective of the fact that, in our opinion, and as this case illustrates, they serve no purpose but to hinder and impede military commands in the efficient administration of military discipline.

The prior summary court-martial records introduced into evidence in this case reveal that the accused had been advised of the following: (a) he could not be tried by summary court-martial without his consent; (b) he could be represented by civilian counsel at his own expense; (c) if he did not desire to retain civilian counsel, a military defense counsel would be appointed at his request; (d) if he proceeded to trial without counsel it would constitute a waiver of his right to counsel; (e) and if he were convicted, a sentence which included confinement at hard labor could be imposed. The records also reflect that, following receipt of the aforementioned advice, the accused in each case consented to trial and elected to proceed without defense counsel.

In view of the foregoing, it is difficult for this Court to rule that the rights of the accused were not fully protected at the time of his earlier summary courts-martial. Yet, because of the dicta and mandates set forth in *Booker*, we are constrained to conclude that the prior trials did not "measure up to the essentials of due process and fair treatment" and should have been excluded as evidence of prior convictions. Although this mandated conclusion flies in the face of our better judgment, we must render service to it. In addition, we have no alterna-

**840**

tive but to return the record of trial for a rehearing.

What was stated in the concurring opinion in *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977) is pertinent to this case:

> [T]hose advocating unreasonable strict application of legal rules in the disposition of court-martial cases are advocating a type of narrow efficiency and utility inimical to the proper administration of justice. Such a practice robs the military appellate courts of the opportunity to apply prior practical and judicial experience and to exercise normal legal subtlety and reasoning, in reaching an intelligent solution to specific problems under consideration. Attempts to overly program and systematize judicial though processes into a body of unreasonably inflexible and fastidious legal rules, regulations, and procedural requirements might very well succeed in emasculating our military criminal justice system of all its philosophical and substantive content.

*Id.* at 712.

The requirements set forth in *United States v. Booker, supra,* were not complied with in the instant case. Accordingly, while the findings in this case are affirmed, we cannot approve the sentence. The record is forwarded to the Judge Advocate General of the Navy for return to the convening authority, who may order a rehearing on the sentence, or, in the alternative, approve a sentence which does not include a punitive discharge.

Judge GREGORY concurs.

GLADIS, Judge (concurring in the result):

I agree that the sentence cannot be affirmed because evidence of prior summary courts-martial was considered although the prerequisites for admissibility set forth in *United States v. Booker,* 5 M.J. 238 (C.M.A. 1977) were not satisfied. Believing that the conclusions in *Booker* are contrary to the holding of the U. S. Supreme Court in *Middendorf v. Henry,* 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), I join in criticizing the *Booker* decision, not because it promul-

gates legal rules and procedural requirements, but because it promulgates bad legal rules and procedural requirements based on an erroneous interpretation of applicable precedent.