UNITED STATES

v.

Richard J. DAVIS, 276 56 7100, Fireman Recruit (E–1) U. S. Navy.

NCM 78 1720.

U. S. Navy Court of Military Review.

Sentence Adjudged 10 July 1978.

Decided 14 March 1979.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted at a special court-martial bench trial of unauthorized absences of about 2 and 13 months, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The sentence approved on review below consists of a bad-conduct discharge, confinement at hard labor for 50 days, and forfeiture of $125.00 per month for 2 months.

Finding that the accused was prejudiced by the failure of the military judge to advise him of his allocution rights, we are compelled to set aside the sentence. In order to provide guidance if a rehearing is held, we shall also address the accused's contention that evidence of a prior summary court-martial was admitted in violation of the rules announced in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977).

### Allocution Rights

Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 53 h (change 1), requires that the military judge personally advise the accused of his allocution rights. *See United States v. Hawkins*, 2 M.J. 23 (C.M.A.1976). This was not done in this case. The error must be tested for prejudice. *See United States v. Koek*, 6 M.J. 540 (N.C.M.R.1978); *United States v. Walker*, 4 M.J. 936 (N.C.M.R.1978). *Accord United States v. Barnes*, No. 77 1785 (N.C.M.R. 6 February 1978) (unpublished), *pet. granted* 5 M.J. 261 (C.M.A.1978).[1] Under the circumstances of this case we cannot say that the accused was not prejudiced by the failure of the judge to remind him of his right to make an unsworn statement in extenuation and mitigation. The accused testified under oath during presentencing proceedings. Damaging matter was elicited during trial counsel's cross-examination and the military judge's examination of the accused on his sworn statement. Reversal of the sentence is required here because it is impossible to determine whether the accused was damaged by the absence of proper advice. *Cf. United States v. Hawkins* and *United States v. Walker*, both *supra*.

### Prior Summary Court-Martial

Evidence of a prior summary court-martial for unauthorized absences totalling 93 days was admitted during presentencing proceedings without an adequate showing of compliance with the standards for admissibility enunciated in *United States v. Booker, supra*.

During presentencing proceedings, the trial counsel introduced evidence that the accused had checked a block on page 4 of the Charge Sheet, DD Form 458, and there signed a statement that he consented to trial by summary court-martial, and that he had signed the following statement which was witnessed by the summary court-martial officer:

---

1. In *Barnes* the Court of Military Appeals has granted review on the issue of whether such an error is *per se* prejudicial.

I have been advised by the summary court-martial officer that I cannot be tried by summary court-martial without my consent and that, if I consent to trial by summary court-martial, I may be represented by civilian counsel provided at my own expense. If I do not desire to be represented by civilian counsel provided at my own expense, a military defense counsel may be appointed to represent me upon my request. It has also been explained to me that, if I choose to proceed to trial by summary court-martial without defense counsel, it will constitute a waiver of my right to counsel and, if I am convicted, a sentence which includes confinement at hard labor may be imposed. Understanding all of this, I consent to trial by summary court-martial and desire to proceed to trial without defense counsel.

■ Article 20, UCMJ, 10 U.S.C. § 820, provides that no person may be brought to trial by summary court-martial if he objects and that if he objects, he may be brought to trial by special or general court-martial. Before evidence of a prior summary court-martial may be introduced, *Booker* requires a showing that the accused was advised of his right to consult with counsel prior to accepting a trial by summary court-martial and a showing that the accused voluntarily and intelligently waived his statutory right of removal to trial in a criminal proceeding. *Id.* at 243. *See United States v. Rivera*, 6 M.J. 535, 540 (N.C.M.R.1978). *Booker* holds that the waiver must establish a voluntary, knowing, and intelligent decision to forego removal to a criminal proceeding (special or general court-martial) which was done with sufficient awareness of the relevant circumstances to satisfy the standards set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), because the individual is actually waiving his right to a full adversary criminal proceeding with its attendant Fifth and Sixth Amendment protections. *Id.* n.20. The Court found in

*Booker* that the consequences of a decision to accept trial by summary court-martial involve due process considerations and that only a legally trained person can supply the requisite quantum of information necessary for an informed decision. This conclusion was reached because the legal ramifications of the decision to choose a criminal adversary proceeding as opposed to a disciplinary hearing can be great in terms of substantive and procedural rights at a given hearing, punishment limitations, and potential uses of the imposition of discipline through such proceedings at a later criminal proceeding. If the advice of a legally trained person is required to explain meaningfully the ramifications of the waiver and to permit the individual to make an informed decision, a purported waiver of the right to removal is clearly invalid without showing that the individual either received the advice of counsel or knowingly and understandingly waived his right to consult with counsel prior to making his election, while aware of the ramifications of foregoing his right to a criminal proceeding.

■ There is no showing in this case that the accused understood the ramifications of foregoing his right to a criminal trial. The record, therefore, does not establish that the accused understood his rights or intelligently waived them as required by *Booker*.[2] As a result evidence of the prior summary court-martial was inadmissible. *See United States v. Syro*, 6 M.J. 838 (N.C.M.R. 24 January 1979). Although we may disagree with the rationale and the result in *Booker*, we may not ignore its mandate. *See United States v. Heflin*, 1 M.J. 131, n.6 (C.M.A. 1975), *United States v. Rivera, supra.*

Accordingly, the findings of guilty are affirmed. The sentence is set aside. A rehearing on sentence is authorized.

Senior Judge DUNBAR and Judge GREGORY concur.

2. *Accord United States v. Peterson*, No. 78 0306 (NCMR 19 April 1978) (unpublished).