**UNITED STATES**

**v.**

**James E. HENDERSON, 505 76 4452, Corporal (E–4), U.S. Marine Corps.**

**NCM 79 0290.**

U. S. Navy Court of Military Review.

Sentenced Adjudged 1 Nov. 1978.

Decided 11 June 1979.

LCDR William C. Henderson, JAGC, USN, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

PER CURIAM:

Pursuant to his plea, appellant was convicted by a general court-martial military judge of carnal knowledge with a female under the age of 16. The military judge awarded a sentence consisting of a dishonorable discharge, confinement at hard labor for 5 years, total forfeiture of all pay and allowances and reduction to pay grade E–1. The convening authority, giving effect to a pretrial agreement, reduced the dishonorable discharge to a bad-conduct discharge and the confinement period to 2 years, and otherwise approved the sentence as adjudged.

Appellant summarily assigns two alleged errors:

## I

THE MILITARY JUDGE ERRED IN FAILING TO INFORM THE APPELLANT THAT IF HE REMAINED SILENT IN EXTENUATION AND MITIGATION HIS SILENCE WOULD NOT BE USED AGAINST HIM. THE MILITARY JUDGE GAVE THE APPELLANT ADVICE AS TO HIS RIGHTS IN EXTENUATION AND MITIGATION TWICE AND TWICE NEGLECTED TO INFORM HIM THAT IF HE CHOSE TO REMAIN SILENT IT WOULD NOT BE HELD AGAINST HIM IN ANY WAY. *United States v. Hawkins*, 2 M.J. 23 (C.M.A.1976); APP. 8b, MCM, 1969 (REV.), PAGE A8–24.

## II

THE MILITARY JUDGE ERRED IN ADMITTING PROSECUTION EXHIBIT 6 IN EVIDENCE WHEN IT FAILED TO COMPLY WITH *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), THE OFFICER GIVING ADVICE WAS NOT A LAWYER BUT RATHER A 3rd YEAR LAW STUDENT AND NOT QUALIFIED WITHIN THE MEANING OF *Booker, SUPRA* (FOOTNOTE 20).

## I

We find no merit in appellant's first assignment. Appellant, in his summary assignment, noted that the military judge twice reminded him of his allocution rights, which included the right to remain silent. His claim of error is predicated on the omission to inform him that if he chose to remain silent it would not be held against him in any way. *United States v. Hawkins*, 2 M.J. 23 (C.M.A.1976), cited by appellant, does not directly or indirectly support his particular claim of error. It merely reflects the mandatory nature of advice to be given by the military judge, as prescribed by paragraph 53*h*, *Manual for Courts-Martial, United States, 1969* (Revised edition), to ". . . personally remind the accused of his rights to make a sworn or unsworn statement to the court in mitigation or extenuation of the offenses of which he stands convicted, or to remain silent." The record supports compliance with that requirement in this case.

## II

*United States v. Booker*, 5 M.J. 238 (C.M.A.1977) sets requirements for advising an accused before he may validly waive removal of charges to a criminal proceeding. *Booker* states, "The advice of a legally trained person is required to meaningfully explain these ramifications [substantive and procedural rights, punishment limitations, potential uses in a later criminal prosecution] and thus permit the individual to make an informed decision." 5 M.J. at 243. The denominated "legally trained person" was not otherwise identified, nor is the designation itself other than one susceptible to interpretations of degrees of legal training covering a wide spectrum. The advice in the case at bar was rendered, before appellant opted for nonjudicial punishment, by a summer intern in his third year of law school and was recorded on prosecution exhibit 4, which was admitted into evidence over defense objection. We will not indulge in nice distinctions as to the degree of legal training contemplated by the Court of Military Appeals to satisfy the waiver requirement of *Booker*. We determine a lawyer was intended. Accordingly, we hold the exhibit was improperly admitted. We hold also that, considering: (1) the serious nature of the offense, carnal knowledge by a 22-year-old Marine with a 10-year-old female; (2) the minor nature of the offense involved in the nonjudicial punishment, *i. e.*, two failures to be at his appointed place of duty; (3) the sentence imposed (substantially less than the maximum); and (4) the sentence actually approved in accord with the pretrial agreement, appellant was not substantially prejudiced by the admission and the sentence need not be reassessed. *United States v. Alderman*, 22 U.S.C.M.A. 298, 46 C.M.R. 298 (1973); *United States v. Nordstrom*, 5 M.J. 528 (NCMR 1978).

The findings and sentence as approved on review below are affirmed.