UNITED STATES, Appellant,

v.

Joseph Bernard SYRO, Radioman Seaman Recruit, U. S. Navy, Appellee.

No. 37,234.
NCM 78 1498.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellee: *Lieutenant Steven A. Curlee,* JAGC, USNR (argued); *Lieutenant Lawrence W. Muschamp,* JAGC, USN (on brief).

For Appellant: *Major D. A. Higley,* USMC (argued); *Commander T. C. Watson, Jr.,* JAGC, USN (on brief).

FLETCHER, Chief Judge:

The appellant was found guilty of numerous offenses[1] on June 16, 1978, by a special court-martial composed of a military judge alone. He was sentenced to a bad-conduct discharge,[2] confinement at hard labor for 3 months and forfeiture of $265 pay per month for the same period. The con-

---

1. He pleaded guilty to seven violations of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Contrary to his pleas, he was convicted of being disrespectful to a superior officer, in violation of Article 89, UCMJ, 10 U.S.C. § 889.

2. None of the appellant's offenses by themselves authorized the award of a bad-conduct discharge. However, since the total confinement authorized for all offenses exceeded 6 months, this discharge was an additional permissible punishment. *See* para. 127c, Section B, Manual for Courts-Martial, United States, 1969 (Revised edition). This enhancement situation is different from that treated in *United States v. Booker,* 5 M.J. 238 (C.M.A.1977).

vening authority approved the findings of guilty, and the sentence of a bad-conduct discharge and 2 months' confinement.[3] The supervisory authority approved this sentence. On January 24, 1979, the United States Navy Court of Military Review affirmed the findings of guilty. However, that Court refused to approve the sentence because the military judge considered evidence of two summary court-martial punishments in purported violation of the decision in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977). The record of trial was forwarded to the Judge Advocate General of the Navy for return to the convening authority for appropriate action.

The Judge Advocate General of the Navy, pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2), referred appellant's case to this Court for consideration of the following issues:

## I

Whether the United States Court of Military Appeals decision in *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978), with its reliance upon *Stovall v. Denno*, 388 U.S. 293 [87 S.Ct. 1967, 18 L.Ed.2d 1199] (1967), renders inadmissible adjudications by summary court-martial which were conducted prior to the decision in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), in light of the results in *Stovall* and *Desist v. United States*, 394 U.S. 244 [89 S.Ct. 1030, 22 L.Ed.2d 248] (1969). *See also United States v. Janis*, 428 U.S. 433 [96 S.Ct. 3021, 49 L.Ed.2d 1046] (1976); *Stone v. Powell*, 428 U.S. 465 [96 S.Ct. 3037, 49 L.Ed.2d 1067] (1976); *Michigan v. Tucker*, 417 U.S. 433 [94 S.Ct. 2357, 41 L.Ed.2d 182] (1974); *Adams v. Illinois*, 405 U.S. 278 [92 S.Ct. 916, 31 L.Ed.2d 202] (1972).

3. Pursuant to a pretrial agreement.

4. The Government introduced evidence that the appellant executed written waivers of counsel for these summary courts-martial. It also offered to call a summary court-martial officer to testify that the appellant was advised that he could consult with an attorney prior to his decision to submit to a summary court-martial.

## II

If the first certified question be answered in the negative, was the United States Navy Court of Military Review correct in its determination that Seaman Recruit SYRO was prejudiced by the introduction of two summary court-martial adjudications which were final prior to the decision in *United States v. Booker, supra.*

The facts which give rise to the certified questions are as follows. During the sentencing portion of this special court-martial, the military judge considered evidence of two prior summary court-martial punishments of the appellant. This evidence was introduced by the Government solely for purposes of aggravation. *See* generally para. 75a, Manual for Courts-Martial, United States, 1969 (Revised edition). Defense counsel objected to the admission of this evidence on the grounds that the Government had not demonstrated compliance[4] with the mandates of *United States v. Booker, supra.* These earlier disciplinary proceedings were concluded on August 29, 1977, and September 29, 1977, subsequent to the Supreme Court's decision in *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), but prior to our decision in *United States v. Booker, supra*, which was handed down on October 11, 1977. Yet, unlike the situation in *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978), these records of summary court-martial proceedings were admitted at a special court-martial tried after the date of our decision in *United States v. Booker, supra*, and they were not used for purposes of enhancement. *See* para. 127(c), Manual, *supra.*

■ In substance,[5] the Judge Advocate General of the Navy asks whether the rec-

After objection by the defense counsel, the military judge ruled such evidence irrelevant. It appears no written waiver of the right to counsel for this removal decision existed, as required by *United States v. Booker, supra.*

5. We are not comfortable with the broad scope of the first certified question. It simply does not distinguish between a record of summary

ord of punishment at a summary court-martial completed prior to our decision in *United States v. Booker, supra*, may be introduced in aggravation of sentence at a special or general court-martial, conducted after the date of that decision, without compliance with its mandates. Moreover, assuming a finding of improper admission of such a record, he queries whether such an impropriety was prejudicial in the *Syro* case as found by the United States Navy Court of Military Review. The first question, as paraphrased above, we answer in the affirmative, thus making it unnecessary to reach the second question raised by the Judge Advocate General.

The decision in *United States v. Booker, supra*, established several different requirements for the admission of records of prior disciplinary proceedings, depending upon the purpose of their introduction at subsequent special or general courts-martial. First, as a general threshold requirement, the Government has to demonstrate in writing that the person suffering such a disciplinary punishment was advised of the right to confer with counsel prior to accepting such a disciplinary hearing. This evidentiary prerequisite was developed to fill an existing interstice in military law. It was a necessary response, as a matter of military criminal trial practice, to the due process considerations recently recognized as inherent in the statutory removal options provided in Articles 15 and 20, UCMJ, 10 U.S.C. §§ 815 and 820, respectively. *See United States v. Booker, supra* at 243. Additional requirements for admissibility were mandated depending upon the characterization and use of the summary court-martial as a conviction for purposes of paras. 75*b*, 127*c* and 153*b*, Manual, *supra*, at a later criminal proceeding. These requirements were

deemed necessary in view of the Supreme Court's decision in *Middendorf v. Henry, supra*; particularly, that Honorable Court's reluctance to characterize punishment at a disciplinary proceeding as "a stamp of 'bad character' [coincident to a criminal] conviction." [6]

It is clear that after October 11, 1977, a record of summary court-martial punishment, no matter when conducted, may not be introduced by the Government as *a prior conviction* [7] for any purpose [8] at a special or general court-martial without compliance with the latter requirements of the *Booker* decision. *See United States v. Cannon*, 5 M.J. 198 (C.M.A.1978). However, it is suggested by the Government in its brief that a record of summary court-martial punishment, not meeting the threshold requirement, might be introduced for purposes of aggravation as a personnel record of an accused which reflects his past conduct and performance. *See* para. 75*d*, Manual, *supra*. Even under this Manual provision, summary courts-martial or Article 15 disciplinary proceedings conducted after the date of *Booker* must comply with the threshold requirement of that decision in a *post-Booker* special or general court-martial. *See United States v. Mathews*, 6 M.J. 357 (C.M.A. 1979). A question does exist, however, as to whether those summary courts-martial and Article 15 hearings conducted prior to the *Booker* decision date should also be denied admission at a *post-Booker* special and general court-martial as a record of past performance solely on the basis of noncompliance with a prophylactic requirement not then in existence.[9] We believe such a result is unreasonable.

Under para. 75*d*, Manual, *supra*, these personnel records are not treated as convic-

court-martial punishment offered as a conviction for purposes of enhancement, para. 127*c*, Manual, *supra*, as a conviction for purposes of aggravation, para. 75*b* (2), Manual, *supra*, or as a record of disciplinary proceedings for purposes of aggravation, para. 75*d*, Manual, *supra*. The military judge indicated that he considered this evidence as a disciplinary record in aggravation and, accordingly, we will answer the Judge Advocate General's question in this light.

6. *See Middendorf v. Henry, 425 U.S. 25, 39, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976)*; United States v. Booker, supra *at 242, n. 14*.

7. *See Middendorf v. Henry, supra*.

8. *See United States v. Booker, supra* at 243–44.

9. *See* Note, *Reforming the Summary Court-Martial*, 79 Col.L.Rev. 173, 191 n. 141 (1979).

tions, nor are they introduced to label the accused a bad character in the traditional criminal sense. *See United States v. Johnson*, 19 U.S.C.M.A. 464, 42 C.M.R. 66 (1970). They are an indication of his past professional performance as a member of the military. No issue is thus raised under this Manual provision [10] as to the applicability of *Middendorf v. Henry, supra*, and its redefinition of the summary court-martial. *Cf. United States v. Cannon, supra*. In addition, the failure to meet the aforementioned threshold requirement of *Booker* casts no real doubt on the accuracy of the fact finding of these summary courts-martial as to this military performance issue; nor is a significant question raised as to the reliability of the sentencing process at subsequent special or general courts-martial, which use these punishments as disciplinary records. As indicated earlier, the threshold requirement of *Booker* preserves only the integrity of the removal decision under Article 15 or Article 20. Accordingly, utilizing the methodology [11] and portions of the rationale of our decision in *United States v. Cannon, supra*, we decline to apply this requirement

retroactively to summary courts-martial and Article 15 proceedings conducted prior to *Booker*. These records of earlier disciplinary proceedings may be introduced at *post-Booker* trials only as reflections of past military performance under para. 75*d*, Manual *supra*, without compliance with the *Booker* decision.

Therefore the decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review for action consistent with this opinion.

Judge PERRY * concurs.

COOK, Judge (concurring in the result):

My dissatisfaction with the *Booker* requirements is set out in my dissent in that case.[1] I am not sure that the distinction now elaborated is as clearly perceptible from earlier opinions [2] as is presently indicated, but I am satisfied with the correctness of the result.

---

10. Indeed, in the present case the military judge specifically informed the appellant that he considered the summary courts-martial as disciplinary records in arriving at an appropriate sentence.

11. *Michigan v. Tucker*, 417 U.S. 433, 446, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974); *Desist v. United States*, 394 U.S. 244, 246, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); *see generally Stovall v. Denno*, 388 U.S. 293, 296, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

1. *United States v. Booker*, 5 M.J. 238, 244 (C.M.A.1977).

2. *Id.*; *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978).