**UNITED STATES**

v.

**Richard Ernest McLEMORE, 433 17 1402, Fireman Recruit (E–1), U. S. Navy.**

**NCM 79 1312.**

U. S. Navy Court of Military Review.

Sentence Adjudged 26 Jan. 1979.

Decided 22 May 1980.

LT Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LCDR Bradley S. Beall, JAGC, USN, Appellate Government Counsel.

*EN BANC*

GLADIS, Judge:

The accused was convicted pursuant to his pleas at a special court-martial bench trial of an unauthorized absence of 4 months, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 USC § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, and forfeiture of $100.00 per month for 2 months. Giving the accused administrative credit for pretrial restriction which had been ruled illegal by the trial judge, the convening authority reduced the confinement to 52 days, and otherwise approved the sentence. The officer exercising general court-martial jurisdiction approved the sentence approved by the convening authority, but prematurely ordered it executed in violation of Article 71(c), UCMJ, 10 USC § 871(c).

The accused contends that evidence of a prior nonjudicial punishment was erroneously admitted during presentencing proceedings without a showing of compliance with the requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977). This Court, *en banc*, ordered supplemental briefs and oral argument inviting counsel to address, among other issues, the effect of

*United States v. Syro*, 7 M.J. 431 (C.M.A. 1979), on the *Booker* requirements for the admissibility of disciplinary proceedings. Having considered the record, briefs, and contentions of the parties advanced in oral argument, we reject the accused's claim, finding that the evidence in question satisfied the *Booker* standards for admissibility as explicated by *Syro*.

During presentencing proceedings, the Government introduced a page 7 (NAVPERS 1070/607) from the service record of the accused showing a prior nonjudicial punishment and a page 13 containing advice concerning his right to consult with an attorney that the accused had received in connection with that punishment. The military judge correctly overruled defense counsel's objection that the page 7 was improperly prepared and, therefore, was not admissible as an official records exception to the hearsay rule. The document was prepared in substantial compliance with applicable regulations.

The page 13 contained the following entry initialed and signed by the accused:

*ADVISE [sic] OF RIGHT TO CONSULT WITH AN ATTORNEY PRIOR TO NONJUDICIAL PUNISHMENT*:

I understand that because my choice of whether to accept nonjudicial punishment or demand trial by court-martial is an important choice, I have the right to a lawyer before making that choice.

I understand that I have the right to consult with a civilian lawyer at my own expense or with a military lawyer provided for me at no expense.

I (D̶O̶) (DO NOT) want to consult with a lawyer.

The issue is whether the evidence of nonjudicial punishment satisfied the requirements for admissibility promulgated in *United States v. Booker, supra.*

Article 15, UCMJ, 10 USC § 815, which establishes nonjudicial punishment as an administrative method of dealing with minor offenses, provides that, except in the case of a service member attached to or embarked in a vessel, such punishment may not be imposed upon a service member who has demanded trial by court-martial in lieu of nonjudicial punishment. Article 20, UCMJ, 10 USC § 820, provides that no person may be brought to trial before a summary court-martial if he objects.

Paragraph 75*b, Manual for Courts-Martial, 1969 (Rev.)* (MCM), authorizes, subject to certain limitations, the introduction of evidence, prior to sentencing, of previous convictions by court-martial. Paragraph 75 *d* authorizes, under regulations of the Secretary concerned, introduction, prior to sentencing, of personnel records maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused. In *United States v. Johnson*, 19 U.S.C.M.A. 464, 42 C.M.R. 66 (1970), the Court of Military Appeals approved the use, pursuant to this provision by a court-martial deliberating on an appropriate sentence, of records of nonjudicial punishment imposed under Article 15, UCMJ, 10 USC § 815.

In *United States v. Alderman*, 22 U.S.C. M.A. 298, 46 C.M.R. 298 (1973), the Court of Military Appeals held, in effect, that the rule in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by counsel at trial, applied to summary court-martial, and, consequently, previous convictions by summary court-martial were inadmissible at subsequent trials when they had been obtained at proceedings at which the accused was improperly denied counsel.

In *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), rejecting the conclusions in *Alderman*, the Supreme Court held that the Congressional determination that counsel is not required in summary courts-martial violates neither the Sixth nor the Fifth Amendment to the United States Constitution, because a summary court-martial is not a criminal prosecution for purposes of the Sixth Amendment and, upon analysis of the interests of the individual and of the regime to which he is subject, because the due process of law guaranteed by the Fifth Amendment does

not embody a right to counsel at such a proceeding.

In *Booker*, the Court of Military Appeals held that, because the consequences of a decision to accept an Article 15 or a summary court-martial disciplinary action involve due process considerations (that is, waiver of a right to a full adversary criminal proceeding with its attendant Fifth and Sixth Amendment protections) and only a legally trained person can supply the requisite quantum of information necessary for informed decision, an individual must be told of his right to confer with counsel before he opts for disposition at the Article 15 or summary court-martial level. Absent compliance with this proviso, evidence of imposition of discipline under either Article 15 or 20, 10 U.S.C. § 820 is inadmissible in any subsequent trial by court-martial. A waiver of the statutory right under Articles 15 and 20, 10 U.S.C. § 820 for removal to trial must, the Court said, be in writing and must establish a voluntary, knowing and intelligent decision to forego removal to a criminal proceeding done with sufficient awareness of the relevant circumstances to satisfy the standards set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). In *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), the Court quoted the language from *Booker* mandating, because of its longstanding position of requiring that every reasonable presumption against waiver of assistance of counsel be indulged, that the record affirmatively demonstrate a valid personal waiver by the individual of his right to demand trial in a criminal proceeding and specifically applied it to the admission of a record of prior Article 15 punishment. The decision in *Booker* has been severely criticized. *See United States v. Syro*, 6 M.J. 838 (N.C.M.R. 1979), *rev'd*, 7 M.J. 431 (C.M.A.1979); *United States v. Rivera*, 6 M.J. 535 (N.C.M.R. 1978); *United States v. Nordstrom*, 5 M.J. 528 (N.C.M.R.1978); *United States v. Lecolst*, 4 M.J. 800, 803 (N.C.M.R.1978) (Newton, S. J., concurring/dissenting). *See also* Cooke, *Recent Developments in the Wake of United States v. Booker*, The Army Law-

yer, November 1978, at 4, 7–8 (D.A. Pamphlet 27–50–71). Although we criticized *Booker* in our decisions, we followed its letter and spirit. *See United States v. Doran*, 7 M.J. 1015 (N.C.M.R.1979), *cert. for rev. filed*, 8 M.J. 82 (C.M.A.1979); *United States v. Henderson*, 7 M.J. 817 (N.C.M.R. 1979); *United States v. Davis*, 6 M.J. 969 (N.C.M.R.1979); *United States v. Syro*, 6 M.J. 838 (N.C.M.R.1979); *United States v. Rivera, supra.*

Remaining silent about the criticism directed at *Booker*, however, the Court of Military Appeals further explained that decision in *United States v. Syro*, 7 M.J. 431 (C.M.A.1979), making distinctions not clearly delineated in the original opinion and its progeny.

■ In *Syro*, the Court of Military Appeals announced that *Booker* established several different requirements for the admission of records of prior disciplinary proceedings, depending upon the purpose of their introduction at subsequent special or general courts-martial. First, the Court said, as a general threshold requirement the Government has to demonstrate in writing that the accused was advised of the right to confer with counsel prior to accepting such a disciplinary hearing. Additional requirements for admissibility, it noted, were mandated depending upon the characterization and use of the summary court-martial as a conviction for the purposes of paragraphs 75*b*, 127*c*, or 153*b*, MCM. As we construe the language in *Syro*, *Booker* holds that while records of prior disciplinary proceedings may not be introduced by the Government as prior convictions for the purposes of paragraphs 75*b*, 127*c*, or 153*b*, MCM, without compliance with both the threshold and additional requirements of *Booker*, such records may be introduced pursuant to paragraph 75*d*, MCM, as evidence of the character of an accused's prior service, provided that compliance with the threshold requirement of *Booker* is demonstrated, even though the additional requirements are not satisfied. In *Syro*, the Court of Military Appeals noted that compliance with the threshold requirement of *Booker* preserves the integrity of the removal decision. It satisfies the due process considera-

tions recognized by the Court as inherent in the statutory removal options provided in Articles 15 and 20, UCMJ, 10 USC § 820.

We find that this Court's interpretation of *Booker* in *United States v. Doran, supra,* to mandate compliance with both the threshold and additional *Booker* requirements for admissibility of evidence of prior nonjudicial punishments is inconsistent with the principles subsequently announced by the Court of Military Appeals in *Syro.* Compliance with the threshold requirement alone satisfies *Booker.* Therefore, we must overrule *Doran.*

 The page 13 service record entry accompanying the record of nonjudicial punishment introduced in this case clearly demonstrates compliance with the threshold requirement of *Booker,* that is, advice to the accused of his right to confer with counsel before waiving his right to trial in a criminal forum and accepting punishment under Article 15. The decision in *Booker,* as subsequently explained by the Court of Military Appeals in *Syro,* required nothing more to establish the admissibility of evidence of a prior disciplinary proceeding introduced, not as a prior conviction, but pursuant to paragraph 75*d*, MCM, as evidence of character of service. Therefore, the evidence of the accused's prior nonjudicial punishment was properly admitted. The assignment of error lacks merit.

That portion of the supervisory authority's action which orders the sentence executed is a nullity. All rights, privileges, and property of which the accused has been deprived by virtue of the premature order of execution shall be restored.

Subject to the foregoing the findings of guilty and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG, Judges FERRELL, PRICE, SANDERS, EDWARDS, GREGORY, DONOVAN, and MICHEL concur.

DUNBAR, Senior Judge (concurs in the result):

I concur in the result.

BAUM, Senior Judge (concurring):

I concur in the interpretation of *United States v. Syro,* 7 MJ 431 (CMA 1979), expressed by Judge Gladis and in his conclusion that the evidence of nonjudicial punishment in this case was admissible because it met the requirements of *United States v. Booker,* 5 MJ 238 (CMA 1977), as modified by *Syro.* While concurring in this opinion, however, I feel it is necessary to reiterate the views expressed in my separate opinion in *United States v. Nordstrom,* 5 MJ 528 (NCMR 1978), that the Court of Military Appeals was wrong in *United States v. Booker, supra,* that the decision in that case subverted the United States Supreme Court's ruling in *Middendorf v. Henry,* 425 US 25 (1976), and that the time has come for *Booker* to be expressly overruled.