**UNITED STATES**

v.

**Lawrence Paul KUEHL, 533 58 1627, Fireman Recruit (E–1), U. S. Naval Reserve.**

**NCM 79 1503.**

U. S. Navy Court of Military Review.

Sentence Adjudged 18 April 1979.

Decided 30 June 1980.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

EN BANC.

GLADIS, Judge:

The accused was convicted pursuant to his pleas at a special court-martial bench trial of extortion, assault, and communication of a threat, in violation of Articles 127, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 927, 928, and 934, and sentenced to a bad-conduct discharge, confinement at hard labor for 6 months, and forfeiture of $279.00 per month for 6 months. The convening authority reduced the period of confinement and forfeitures to 2 months and otherwise approved the sentence. The officer exercising general court-martial jurisdiction approved the sentence approved by the convening authority.

Citing *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), the accused contends that evidence of a prior summary court-martial was erroneously admitted over his objection because, although it reflected an acknowledgment by the accused of his right to consult with counsel, it failed to reflect that he actually consulted with counsel or affirmatively waived this right. We disagree and affirm, finding that, in the absence of a contention that the accused was actually denied the right to consult with counsel, the challenged evidence satisfied the *Booker* standards for admissibility as explained in *United States v. Syro*, 7 M.J. 431 (C.M.A. 1979).

During presentencing proceedings the military judge admitted Prosecution Exhibit 3, evidence of a prior summary court-martial for a 33-day unauthorized absence, overruling defense counsel's objection based on *United States v. Booker, supra*, that the evidence was inadmissible because it did not indicate that the accused was afforded the right to see counsel, that is, that he either saw counsel or waived this right. Prosecution Exhibit 3 contains, among other things, the accused's signed acknowledgment that he understood that, before deciding whether to consent or object to trial by summary court-martial, he had the right to consult with independent legal counsel, which would be provided at no expense to him.

In *United States v. McLemore*, 9 M.J. 695 (N.C.M.R.1980) (en banc), we recently examined the background of *United States v. Booker, supra*, which sets forth requirements for the admissibility of prior disciplinary proceedings, and the subsequent explanation of those requirements in *United States v. Syro, supra*. In *Booker* the Court of Military Appeals held that, because the consequences of a decision to accept a nonjudicial punishment or summary court-martial disciplinary action involve due process considerations (that is, waiver of a right to a full adversary criminal proceeding with its attendant Fifth and Sixth Amendment protections) and because only a legally trained person can supply the requisite

quantum of information necessary for informed decision, an individual must be told of his right to confer with counsel before he opts for disposition at the Article 15 (nonjudicial punishment) or the Article 20, 10 U.S.C. § 820 (summary court-martial) level. Absent compliance with this proviso, evidence of imposition of discipline under either Article 15 or 20 is inadmissible in any subsequent trial by court-martial. A waiver of the statutory right under Articles 15 and 20 for removal to trial must, the Court said, be in writing and must establish a voluntary, knowing and intelligent decision to forego removal to a criminal proceeding done with sufficient awareness of the relevant circumstances to satisfy the standards set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). In *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), the Court quoted the language from *Booker* mandating, because of its longstanding position of requiring that every reasonable presumption against waiver of assistance of counsel be indulged, that the record affirmatively demonstrate a valid personal waiver by the individual of his right to demand trial in a criminal proceeding and specifically applied it to the admission of a record of prior Article 15 punishment.

In *Syro*, the Court of Military Appeals announced that *Booker* established several different requirements for the admission of records of prior disciplinary proceedings, depending upon the purpose of their introduction at subsequent special or general courts-martial. First, the Court said, as a general threshold requirement the Government has to demonstrate in writing that the accused was advised of the right to confer with counsel prior to accepting such a disciplinary hearing. Additional requirements for admissibility, it noted, were mandated depending upon the characterization and use of the summary court-martial as a conviction for the purposes of paragraphs 75*b*, 127 *c*, or 153*b*, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). Therefore, *Booker*, as subsequently explained in *Syro*, holds that while

records of prior disciplinary proceedings may not be introduced by the Government as prior convictions for the purposes of paragraphs 75*b*, 127*c*, or 153*b*, MCM, without compliance with both the threshold and additional requirements of *Booker*, such records may be introduced pursuant to paragraph 75*d*, MCM, as evidence of the character of an accused's prior service, provided that compliance with the threshold requirement of *Booker* is demonstrated, even though the additional requirements are not satisfied. *United States v. McLemore, supra.* In *Syro*, the Court noted that compliance with the threshold requirement of *Booker* preserves the integrity of the removal decision; it satisfies the due process considerations recognized by the Court as inherent in the statutory removal options provided in Articles 15 and 20, UCMJ.

Applying the law as announced in *Booker* and as explained in *Syro* to the instant case, we conclude that the evidence of the accused's prior summary court-martial was properly admitted. The summary court-martial was not used as a prior conviction for any purpose, but rather as evidence of character of service. The threshold requirement of *Booker*, written evidence of advice to the accused of his right to confer with counsel before accepting the disciplinary proceeding, was satisfied. Nothing more is required when a summary court-martial is used solely as evidence of character of service. Our decisions in *United States v. Davis*, 6 M.J. 969 (N.C.M.R.1979), and *United States v. Rivera*, 6 M.J. 535 (N.C.M.R.1978), are inconsistent with *Syro* to the extent that they mandate compliance with the additional *Booker* requirements for admissibility of evidence of prior summary courts-martial introduced as evidence of character of service and not as prior convictions. To this extent these decisions must be overruled. *Booker* as construed in *Syro* does not require that the record affirmatively establish that the accused waived counsel, if the summary court-martial is used solely as evidence of character of service. Although the language in *United States v. Mathews*, 6 M.J. 357 (C.M.A.

1979), suggest that the record must establish an affirmative waiver of counsel even though the prior disciplinary action is introduced solely as evidence of character, as we noted in *United States v. McLemore, supra,* the Court of Military Appeals in *Syro* made distinctions not clearly delineated in *Booker* and its progeny. We must follow *Syro,* the latest attempt to clarify *Booker. See United States v. Heflin,* 1 M.J. 131, 132 n.6 (C.M.A.1975).

Absent a claim at trial that the accused has been denied the opportunity to consult with counsel, thereby negating the advice required by *Booker,* the threshold requirement of *Booker* is satisfied by evidence that the accused was advised of his right to confer with independent counsel before accepting the disciplinary proceeding.[1] Such a claim has not been made in this case.

Thus the evidence of the accused's prior summary court-martial was properly admitted. The assignment of error lacks merit.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG, Judges FERRELL, BAUM, PRICE, SANDERS, EDWARDS, GREGORY, DONOVAN and MICHAEL concur.

Judge DUNBAR did not participate.

---

1. A form evidencing waiver of the assistance of counsel signed by the accused or his acknowledgment that he consulted with counsel is preferable to the one utilized in this case in order to demonstrate that the accused was not denied the opportunity to consult with counsel; this would avoid unnecessary litigation of the issue of whether the advice concerning counsel was negated by a denial of counsel and, therefore, that the threshold requirement of *Booker* was not satisfied. *See United States v. McLemore,* 9 M.J. 695 (N.C.M.R.1980) (en banc), for an example of a satisfactory waiver of counsel form when a prior disciplinary action is introduced as evidence of character of service and not used as a conviction.