UNITED STATES, Appellant,

v.

Donald D. ALSUP, Private, U.S.
Marine Corps, Appellee.

No. 44,759.
NMCM 81 3184.

U.S. Court of Military Appeals.

Jan. 30, 1984.

For Appellee: *Lieutenant Kathleen P. McTighe*, JAGC, USNR (argued); *Lieutenant Commander William A. DeCicco*, JAGC, USN (on brief).

For Appellant: *Lieutenant Michael P. Cogswell*, JAGC, USNR (argued); *Commander W.J. Hughes*, JAGC, USN, and *Lieutenant Commander Craig A. Biegel*, JAGC, USNR (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Pursuant to his pleas, appellant was convicted by a special court-martial with officer members of two specifications of failure to go to his appointed place of duty and two specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The findings and the adjudged sentence—a bad-conduct discharge—were approved by the convening and supervisory authorities. However, the United States Navy-Marine Corps Court of Military Review, while affirming the findings, ruled inadmissible a summary court-martial conviction that had been received in evidence during the sentencing proceedings and set aside the sentence.[1]

Thereupon, the Acting Judge Advocate General of the Navy certified to us this question:

WHETHER THE U.S. NAVY-MARINE CORPS COURT OF MILITARY REVIEW WAS CORRECT IN ITS HOLDING THAT APPELLANT'S SUMMARY COURT-MARTIAL CONVICTION DID NOT MEET THE REQUIREMENTS OF *UNITED STATES V. BOOKER*, 5 M.J. 238 (C.M.A.1977), EVEN THOUGH APPELLANT WAS OFFERED AND WAIVED, IN WRITING, ACTUAL REPRESENTATION BY A MILITARY LAWYER AT THE SUMMARY COURT-MARTIAL.

I

After findings of guilty had been entered, the Government offered into evidence as prosecution exhibit 9 a record of conviction by summary court-martial which recited that on November 23, 1979, Alsup had been found guilty of an unauthorized absence of three days and one from his appointed place of duty. In support of the admissibility of this evidence, trial counsel offered three appellate exhibits: (a) appellate exhibit VI—a charge sheet, which reflected that on November 21 Alsup had been informed of the charges against him and that on November 23 the sentence had been adjudged by a summary court-martial and approved by the convening authority; (b) appellate exhibit VII—a letter dated November 26, 1979, from the summary court-martial officer to the commander of appellant's squadron, which detailed the events of the trial; and (c) appellate exhibit VIII—a "Summary Court-Martial Rights to Counsel Advice" on a form originally promulgated in October 1974 by the Marine Aircraft Wing to which appellant was assigned.

The "Rights to Counsel Advice" was in two parts. Part A, which appellant had signed on November 21, 1979, in the presence of the summary court-martial officer, recited:

I, the undersigned accused before a summary court-martial, have been advised by the Summary Court-Martial Officer detailed for my trial that;

a. I may be represented by Civilian Counsel provided at my own expense.

b. If I do not desire to be represented by Civilian Counsel provided at my own expense, a military counsel may be appointed to represent me upon my request if reasonably available.

It has also been explained to me that if I choose to proceed to trial by summary court-martial without defense counsel, it will constitute a waiver of my right to counsel and if I am convicted a sentence which includes confinement at hard labor may be imposed.

---

1. Judge Byrne agreed that the summary court-martial conviction was inadmissible, but he would have affirmed the sentence in view of appellant's prior record of nonjudicial punishments and a civil conviction.

Part B, which had been executed by Alsup on November 23 before the summary court-martial officer, read as follows:

Fully understanding my rights with respect to counsel before my summary court-martial, I:

a. (____) Desire to be represented by civilian
Initial
counsel provided at my own expense. Civilian Counsel who will represent me is _____
whose legal qualifications are _____.

b. (____) Do not desire to be represented by
Initial
civilian counsel provided at my own expense.

c. (____) Desire to be represented by appointed
Initial
military counsel.

d. (____) Appointed military counsel represent-
Initial
ing me is _____ whose
legal qualifications are _____.

e. (____) Do not desire to be represented by
Initial
appointed military counsel and desire to proceed to trial without defense counsel.

Alsup had initialed blocks (b) and (e) to indicate that he did not desire to be represented by civilian counsel or by appointed military counsel.

Defense counsel objected to prosecution exhibit 9 because of noncompliance

with the requirements of BOOKER as delineated in the cases of the *United States versus RIVERA,* 6 M.J. 535, N.C. M.R.1978 and *United States versus DAVIS,* 6 M.J. 969, N.C.M.R.1979. Those cases stand for the proposition that before evidence of a prior summary court-martial may be introduced there must be a showing that the accused was advised of his right to counsel with regard to talking with counsel prior to accepting trial by summary court-martial and that showing that the accused voluntarily, intelligently waived his statutory right of removal. It would appear from the Appellate Exhibits that he was advised of his right to counsel using a 1974 form which is pre-*BOOKER,* and it certainly indicated all of the rights to counsel at a court, but it failed to delineate his right to consult with counsel before electing to go to court, and therefore there has been an insufficient showing that he was ade-

quately advised of his right to consult with counsel before making his election.

When trial counsel replied that appellate exhibits VI–VIII demonstrated that all the requirements for admissibility had been met, defense counsel stated:

There's not one showing in there that he was advised of his right to counsel with regard to advice before making his election. He was advised of his rights to counsel at the trial, but not to his right to talk with a lawyer before he made his decision.

In admitting prosecution exhibit 9, the judge reasoned that

now on Appellate Exhibit VIII the accused was informed that military counsel may be appointed to represent him upon request if reasonably available. He later indicated that he did not desire to be represented by appointed military counsel. I think there has been compliance with the requirements of *BOOKER* and the related cases as concerns summary court-martial.

II

A.

As a sequel to *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court held in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), that no imprisonment may be imposed on a defendant who has been denied the assistance of counsel. Indeed, until the Court's decision in *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), it seemed arguable that the right to counsel also might exist as to some cases where confinement, although authorized, had not been imposed upon a convicted defendant.

In *United States v. Alderman,* 22 U.S.C. M.A. 298, 46 C.M.R. 298 (1973), this Court ruled, over Chief Judge Darden's dissent, that *Argersinger* applied to summary courts-martial. Thus, at least in some trials by summary court-martial, the accused was entitled to be represented by a lawyer. Moreover, if counsel were not offered in

such a trial and a conviction resulted, the record of that conviction could not be used in a subsequent court-martial to enhance punishment.

In *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), the Supreme Court rejected this interpretation of *Argersinger* and "held that Congress' failure to provide counsel for an accused at a summary court-martial abridges neither the Fifth nor the Sixth Amendments." *United States v. Mack*, 9 M.J. 300, 309 (C.M.A.1980) (footnote omitted).

■ This Court responded to this decision by ruling in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), that "in order to give some meaning to the due process guarantees of the Fifth Amendment ... we must provide limitations on the utilization of evidence of the imposition of discipline at a summary court-martial in a subsequent trial." Therefore, we required that, as a condition for receiving the record of conviction in evidence during the sentencing proceedings in a later trial, "the individual to be disciplined must be told of his right to confer with an independent counsel before he opts for disposition of the question" either by nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815, or by a summary court-martial under Article 20, UCMJ, 10 U.S.C. § 820. We made clear, however, that "[t]hose hearings in which the accused was represented by counsel, *or has executed a valid waiver of the assistance of counsel* may be used for the purpose of enhancement of the punishment since the basic concepts and protections of *Argersinger* will have been met." 5 M.J. at 243 (footnotes omitted; emphasis supplied).

Finally, in *United States v. Mack, supra,* we upheld the use of a form executed by the accused as a means of demonstrating that he had been given an opportunity to consult counsel about the offer of nonjudicial punishment and had elected not to ob-

ject to such punishment. The rationale of *Mack* was, of course, equally applicable to summary courts-martial.

**B.**

The "Rights to Counsel Advice," which the summary court-martial officer used to advise appellant, was on a form which had been issued by his Marine Aircraft Wing in October 1974. Probably the assumption of those who devised the form was that *Argersinger* required that counsel be offered to accused servicemembers in trials by summary courts-martial—at least, if confinement were to be imposed. Although later cases proved this assumption erroneous and established that a lawyer need only be made available to advise an accused whether to object to trial by summary court-martial— rather than actually to defend him at trial—the command to which Alsup was assigned apparently continued to use the 1974 form and to provide counsel to represent accused persons in summary courts-martial.

■ Certainly, this Marine Aircraft Wing was perfectly free, as a matter of policy, to offer its Marines a lawyer to represent them before summary courts-martial.[2] The issue, then, is whether the grant to appellant of this right of representation—which was not legally required— made the record of his summary court-martial conviction admissible for sentencing purposes in his subsequent court-martial.

■ No lawyer was offered Alsup initially to advise him whether to object to his trial by summary court-martial. Therefore, we can understand why the Court of Military Review concluded that, under *Booker,* the record of conviction by that court-martial was inadmissible. However, Alsup was informed that counsel would be appointed to represent him at trial by the summary

---

2. If counsel is provided to represent an accused in a summary court-martial, a conviction by that court may be admissible in later trials for purposes such as enhancement of maximum punishment or impeachment, for which it might not be used if counsel were not offered. *See United States v. Cofield,* 11 M.J. 422 (C.M.

court.[3] Thus, he was granted a right to counsel that would have satisfied even the requirements which the Supreme Court imposed on civilian courts in *Argersinger* and which thereafter this Court sought to impose on summary courts-martial in *United States v. Alderman, supra.* Since the *Booker* requirements are in many respects designed to compensate for the absence of the right to counsel at trials by summary courts-martial—a right which was granted to appellant—it would seem strange to hold that *Booker* forbids receipt in evidence of a record of his trial by summary court-martial.

Of course, if counsel were only appointed and made available after appellant had irrevocably elected to be tried by summary court-martial, he might have cause for complaint, because, without the benefit of legal advice, he would have lost his statutory right to object to such a forum. However, this danger is absent here. If Alsup had availed himself of the proffered right to appointed counsel—of which he was advised on November 21—he would have possessed ample opportunity before trial two days later for discussing with counsel the desirability of objection to the summary court-martial pursuant to Article 20 of the Code.

In any event, as we interpret paragraph 79*d* of the Manual for Courts-Martial—which concerns the trial procedure for summary courts-martial—the detailing of defense counsel for such a court would precede the time at which an accused must express his objection to being tried by that court. Thus, if appellant had requested appointed counsel, he would have been able to consult with that counsel about the desira-

bility of objecting to trial by summary court-martial before he had lost the right to make this objection. Of course, we assume that a competent counsel appointed to represent an accused in a trial by summary court-martial would consider that his duties encompassed advising the accused about the option available to him under Article 20.[4]

In *Booker,* we recognized that an accused could validly waive his right to consult with counsel; and in *Mack,* we ruled that this waiver could be accomplished by means of a document signed by the accused. By initialing and signing Part B of the "Rights to Counsel Advice" form, Alsup waived the proffered opportunity to have a lawyer represent him before the summary court-martial. If, however, he had requested appointed military counsel, he would have obtained an opportunity to consult with that counsel about his statutory right to decline trial by summary court-martial. Therefore, we conclude that the written waiver which appellant executed also had the effect of constituting a valid waiver of his *Booker* rights.

### III

The certified question is answered in the negative. The decision of the United States Navy-Marine Corps Court of Military Review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Military Review for further review under Article 66, UCMJ, 10 U.S.C. § 866.

Judges COOK and FLETCHER concur.

A.1981); *United States v. Booker,* 5 M.J. 238 (C.M.A.1977).

3. Although the form states that counsel "may be appointed to represent" the accused, appellate defense counsel have not contended that no lawyer would have been provided to represent Alsup if he had requested counsel. Without having made such a request, he is not in a good position to claim that a request for counsel would have been fruitless.

4. The occasion for objecting to trial by summary court-martial probably will be considerably less when counsel is being furnished to the accused in that court. Undoubtedly, one reason why Congress granted the right to object under Article 20, Uniform Code of Military Justice, 10 U.S.C. § 820, was so that an accused would always have available a means of avoiding a trial in which he was denied the assistance of counsel.