UNITED STATES, Appellant,

v.

Stephen M. HAYES, Airman Recruit, Appellee.

No. 38,127.

NCM 791387.

U. S. Court of Military Appeals.

Oct. 6, 1980.

For Appellant: *Commander T. C. Watson, Jr.,* JAGC, USN, and *Lieutenant Colonel D. A. Higley,* USMC (on brief).

For Appellee: *Lieutenant Larry A. McCullough,* JAGC, USN (on brief).

*Opinion of the Court*

EVERETT, Chief Judge.

Upon appellant's pleas of guilty to several drug-related offenses, the military judge, sitting alone as a special court-martial, convicted him and adjudged a sentence of a bad-conduct discharge, confinement at hard labor for 4 months, and partial forfeitures for a like period. After that sentence had been approved on review below, the United States Navy Court of Military Review held that evidence of two prior nonjudicial punishments had been incorrectly received by the judge for sentencing purposes. Accordingly, it reassessed the sentence.

The case reached this Court on the following question certified by The Judge Advocate General:

> WHETHER THE UNITED STATES NAVY COURT OF MILITARY REVIEW CORRECTLY CONCLUDED THAT PROSECUTION EXHIBITS 1 AND 2 WERE INADMISSIBLE?

The questioned exhibits are records of nonjudicial punishment, each recorded on a document designated as "Court Memorandum NAVPERS 1070/607 (Rev. 12–75)." Accompanying this document is another form, which has the identification "Administrative Remarks—NAVPERS 1070/613 (Rev. 3–73)." In the instance of each nonjudicial punishment, the offense involved was unauthorized absence and the punishment did not include confinement or correctional custody.[1]

The manner in which the "Administrative Remarks" form was filled out in one instance is shown in Appendix A to this opin-

---

1. There is no indication that the accused was "attached to or embarked in a vessel" at the time of receipt of either nonjudicial punish-

ment. *See* Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815.

ion. The record for the other nonjudicial punishment was prepared in the same way. In each instance, near the top of the page is the recital that "I was advised of my right to confer with independent counsel (a lawyer certified in accordance with Art. 27(b), UCMJ, 10 U.S.C. § 827(b)), prior to making a decision as to whether to accept or reject nonjudicial punishment/summary court-martial regarding the following offense(s)." A suitable box was initialed. Below this a box is initialed alongside the statement that "I voluntarily, knowingly, and intelligently waive my right to confer with independent counsel prior to accepting or rejecting nonjudicial punishment/summary court-martial." Near the bottom of the page appears the witnessed signature of the accused.

In *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), we discussed in detail the admissibility of an Army form—DA Form 2627—which is used to record nonjudicial punishments. In some respects the form for "Administrative Remarks," which is the subject of the case at hand, calls for details lacking in DA 2627 as to whether an accused has waived the right to counsel adverted to in both forms. For example, the form contains boxes wherein an accused can indicate whether he exercises or waives his "right to confer with independent counsel" and other boxes for recording whether, after either consulting or waiving counsel, he elects to accept or to refuse nonjudicial punishment. *See* Appendix A, *infra.*

Unlike DA Form 2627, which contains a designation of the place where the accused can obtain legal advice about his statutory right to decline nonjudicial punishment, there is no blank for identification of the "independent counsel" who is available for consultation. Under one reading, the "Administrative Remarks" are advising the accused that, without cost to him, the Navy will provide a lawyer for him to consult. Under another reading the accused is only being informed that he may hire his own lawyer to advise him on the choice. *See United States v. Robertson*, 17 U.S.C.M.A. 604, 607, 38 C.M.R. 402, 405 (1968).

In January 1973, Secretary Laird enunciated a policy that legal advice be made available to servicepersons facing nonjudicial punishment. *See United States v. Mack, supra.* In light of that policy, we assume that the "Administrative Remarks" in the case at hand were intended to confirm that an accused will have an opportunity to consult with counsel provided by the Navy without cost to him.[2]

If, in connection with nonjudicial punishment, an accused possessed a constitutional or statutory right to consult counsel provided him by the armed forces, we would incline towards the view that the advice provided on the form was fatally defective in advising of that right. However, since no such right exists, *see United States v. Mack, supra* and no objection has been raised at

---

2. In a recent Report to the Secretary of Defense, the General Accounting Office recommends that the military "[s]tandardize the type and quality of counsel provided in Article 15 cases. If the opportunity to consult with counsel is provided, the advice given should go beyond a mere restatement of the right to refuse an Article 15." GAO, Report to the Secretary of Defense, *Better Administration of the Military's Article 15 Punishments for Minor Offenses Is Needed*, September 2, 1980, p. v. The Secretary of Defense is also urged to propose to the President that the Manual for Courts-Martial be amended as follows:

—Specify the service member's right to consult with independent counsel and define (1) "independent counsel" and (2) the extent of

advice that will be provided service members.

—Make it clear that the service member's right to refuse article 15 does not expire until punishment is imposed. The Manual should specify that the service member be advised of this.

*Id.* at vi. These recommendations are perceived by the General Accounting Office as extremely important since Article 15s can have drastic and permanent effects on a service member's entire military career, which could even "lead to involuntary separation from the military with a less than honorable discharge." The report then points out that such a discharge "can limit veterans' benefits and civilian employment opportunities." *Id.* at i.

trial or on appeal about the ambiguity in the form for "Administrative Remarks," we are unwilling to hold that the record of nonjudicial punishment was inadmissible in evidence.[3]

Having considered the questioned records of nonjudicial punishment from the perspective of *Mack*, we conclude that they could properly be received. Therefore, the certified question is answered in the negative and the case is remanded to The Judge Advocate General of the Navy for return to the Court of Military Review for further proceedings in accordance with this opinion.[4]

Judge COOK concurs.

Appendix to follow.

---

3. If the form for "Administrative Remarks" remains in use hereafter, this ambiguity in the language about consultation with "independent counsel" should be eliminated forthwith.

4. If the Court of Military Review determines that even within the framework of *Mack*, some factual issue must be decided in ruling on the admissibility of the two exhibits, they can make a suitable factual *determination*.

## APPENDIX A

BUPERS USE ONLY

P601-7R

**COURT MEMORANDUM**

BUPERS USE ONLY

| 1 DATE SUBMITTED | 2 SHIP OR STATION AND LOCATION |
|---|---|
| 79JAN19 | MEDHOLDCO NAVREGMEDCEN JACKSONVILLE FL |

| 3. DATE OF REFERRAL | 4. TYPE OF COURT | 5. DATE OF COURT | 6. UCMJ ARTICLE(S) |
|---|---|---|---|
| | NJP | 79JAN11 | 86 |

| 7. DATE OF ACTION | TYPE OF ACTION | 9. MODIFICATION OF ACTION | 10. CORRECTION TO PREVIOUS 1070/607 | 11 DATE OF SUBMISSION ON 1070/607 MOD. OR CORRECTED |
|---|---|---|---|---|
| 79JAN11 | [X] 8 REPORT OF ACTION | [ ] | [ ] | |

| | 13 FROM | 14. TO | 15. 11R |
|---|---|---|---|
| [ ] 12 RATE ADJUSTMENT | | | |

| | 17. MONTHLY AMT. | 18. NO. MONTHS |
|---|---|---|
| [X] 16. FORFEITURE | $ 204.00 | 1 |

| | 20 AMOUNT | 21. CONSENT TO CHECKAGE | 22. DOES NOT CONSENT TO CHECKAGE | 23. MO. AMT OF CHECKAGE | 24. NO. MOS. |
|---|---|---|---|---|---|
| [ ] 19. FINE | $ | [ ] | [ ] | $ | |

| | 26. MONTHLY AMT. | 27. NO. MONTHS | 28. DETENTION REFUND DATE |
|---|---|---|---|
| [ ] 25 DETENTION | $ | | |

| 29. DESERTION MARK REMOVED | 30 ADJUDGED | 31. ADJUDGED AND DISAPPROVED |
|---|---|---|
| [ ] | [ ] | [ ] |

| PRE TRIAL CONFINEMENT 32. FROM: | 33. TO | 34. DAYS LOST TIME (30 DAY BASIS) | 35. DAYS LOST TIME (DAY FOR DAY) |
|---|---|---|---|
| | | | |

| CONFINEMENT ORDERED AND COMPLETED 36 FROM: | 37. TO: | 38. DAYS LOST TIME (30 DAY BASIS) | 39. DAYS LOST TIME (DAY FOR DAY) |
|---|---|---|---|
| | | | |

| 40. CHANGE EAOS TO: | 41 CHANGE EXP. ENL. TO: |
|---|---|

**42. SYNOPSIS OF OFFENSE(S), DATE(S), AND SENTENCE ADJUDGED (ALSO AMPLIFYING REMARKS, MAY BE CONTINUED ON REVERSE)**

79JAN11: CO'ASNJP VIOL OF UCMJ, ART 86;
US FM MEDHOLDCO NRMC JAX FL FM ON OR ABOUT 0800, 05 JAN
UNTIL ON OR ABOUT 0938?, 8 JAN 79.

AWARDED: RESTRICTED TO NAS JAX FL FOR 30 DAYS; FORFEITURE 1/2 MOS
PAY FOR ONE MO; EXTRA DUTIES FOR 30 DAYS.

DATE IDENTIFICATION AND RESUME OF CONVENING, SUPERVISORY, OR OTHER AUTHORITY INCLUDING ACTION UNDER
ARTICLES 65, 66, 67, 69, 72, 73, 74, OR 15 (D) OR (E), UCMJ, (ALSO ANY APPEAL)

| 43. 1070/607 DTD | 44. AUTHORITY TYPE |
|---|---|
| | |

45.

(MAY BE CONTINUED ON REVERSE)

| 46 (SIGNATURE) BY DIRECTION | GRADE |
|---|---|
| J L HATCHER | HMCS |

| 47. UNIT I.D. CODE | 48. RATE |
|---|---|
| 39260 | AOAR |

| 49. NAME (LAST, FIRST, MIDDLE) | 50. SSN | 51. BRANCH/CLASS |
|---|---|---|
| HAYES, STEPHEN MICHAEL | 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 | USN |

COURT MEMORANDUM NAVPERS 1070/607 (REV 12-76) S/N 0106-LF-010-6980
☆ U.S. GOVERNMENT PRINTING OFFICE: 1977 — 249-418/988

PROS EXH 2

CERTIFIED TO BE A TRUE COPY

*Blanche Y. Johnson*
BLANCHE Y. JOHNSON
Court Reporter

## APPENDIX A—Continued

**ADMINISTRATIVE REMARKS**                    SEE BUPERSMAN 5030420

SHIP OR STATION
Naval Regional Medical Center, Jacksonville, Florida 32214

_1005_ : I certify and acknowledge, by my signature and initials set forth below, the following:

On __9 JAN__, 197_9_, I was advised of my right to confer with independent counsel (a lawyer certified in accordance with Art. 27(b), UCMJ), prior to making a decision as to whether to accept or reject nonjudicial punishment/summary court-martial regarding the following offense(s):

    Article 86 - UA                                        _/SmH/_

I exercise my right to confer with independent counsel.

                                                           _/    /_

I voluntarily, knowingly, and intelligently waive my right to confer with independent counsel prior to accepting or rejecting nonjudicial punishment/summary court-martial.

                                                           _/SmH/_

After conferring with _____, JAGC, USN(R), my independent counsel, I accept/reject nonjudicial punishment/summary court-martial.

                                                           _/    /_

After waiving my right to independent counsel, I (accept)/reject nonjudicial punishment/summary court-martial.

                                                           _/ScH/_

                                    _Stephen M. Hayes_
                                         ACCUSED

_Robert P. Robertson_
        WITNESS

----------------------------------------------------------------------

_____ : After I advised _____ of his/her rights in accordance with U. S. v BOOKER, he/she refused to complete and initial the above acknowledging receipt of the advice.

                              By direction of the Commanding Officer

| NAME (Last, First, Middle) | SSN | BRANCH AND CLASS |
|---|---|---|
| HAYES, Stephan M. | 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 | USN |

ADMINISTRATIVE REMARKS- NAVPERS 1070/613 (REV. 5-73) S/N 0104-018-6131                    13 ☐

*U.S. GOVERNMENT PRINTING OFFICE: 1974-713-484/8285

PROS EXH _2(4)_

CERTIFIED TO BE A TRUE COPY

_Blanche Y. Johnson_
BLANCHE Y. JOHNSON
Court Reporter

FLETCHER, Judge (concurring in the result):

I concur in the result. The Administrative Remarks section of Appendix A, attached to the lead opinion, is a superior example of compliance with the requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977).[1] These additions show another facet that is essential to a good lawyer, that being the talent to perceive the path of the law and anticipate the next footfall. These Administrative Remarks were incorporated into the form used by the Navy for nonjudicial punishment four months before this Court handed down its decision in *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979).

The majority, as is so common in our society today, has a problem with one who strives to excel, and that same majority is willing to succor indifference in their opinion in *United States v. Mack*, 9 M.J. 300 (C.M.A.1980).

---

1. *United States v. Mack*, 9 M.J. 300 (C.M.A. 1980) (Fletcher, J., dissenting).