UNITED STATES, Appellee,

v.

Richard Ernest McLEMORE, Fireman Recruit, U.S. Navy Appellant.

No. 39305/NA.

NCM No. 79–1312.

U. S. Court of Military Appeals.

Feb. 2, 1981.

For Appellant: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN, Lieutenant Commander Kerry T. Davidson, JAGC, USN* (on brief).

For Appellee: *Commander T. C. Watson, Jr., JAGC, USN, Lieutenant Commander Bradley S. Beall, JAGC, USN* (on brief).

*Opinion of the Court*

PER CURIAM:

Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2), the Judge Advocate General of the Navy certified the following question for review (9 M.J. 134):

Was the United States Navy Court of Military Review correct in its determination that the page 13 (NAVPERS 1070/613) entry from the accused's service record contains sufficient advice to render admissible in evidence, as a prior nonjudicial punishment, the page 7 (NAVPERS 1070/607) from the service record, pursuant to paragraph 75*d, Manual for Courts–Martial, 1969 (Rev.)*, and consistent with *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), and *United States v. Syro*, 7 M.J. 431 (C.M.A.1979)?

The record reflects that during the presentencing stage of the appellant's court–martial, trial counsel introduced prosecution exhibit 2, a record of nonjudicial punish-

ment, which appeared on a document designated as "Court Memorandum NAVPERS 1070/607 (Rev. 12–75)." This document is also referred to as "a page 7" from the appellant's service record. Prosecution exhibit 3, which is referred to as "a page 13" of the appellant's service record, was introduced into evidence along with the Article 15 record. It contained the following entry which was initialed and signed by the appellant:

ADVISE OF RIGHT TO CONSULT WITH AN ATTORNEY PRIOR TO NONJUDICIAL PUNISHMENT:

/s/R.E.M.. I understand that because my choice of whether to accept nonjudicial punishment or demand trial by court–martial is an important choice, I have the right to a lawyer before making that choice.

/s/R.E.M.. I understand that I have the right to consult with a civilian lawyer at my own expense or with a military lawyer provided for me at no expense.

/s/R.E.M. I (DO) (DO NOT) want to consult with a lawyer.

The defense counsel objected to admission of the Article 15 record on the ground that the record had omitted the date of the offense, which was required by paragraph 90436 of the PAYPERS Manual. This objection was summarily overruled by the military judge.

Before the United States Navy Court of Military Review, the appellant contended that the two prosecution exhibits had been erroneously admitted into evidence—not because of failure to show the date of the Article 15 offense but because the record did not comply with the counsel and waiver requirements set forth in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977). The Court of Military Review held that the record of nonjudicial punishment had been properly admitted into evidence since prosecution exhibit 3 "clearly demonstrates compliance with the threshold requirement of *Booker*, that is, advice to the accused of his right to confer with counsel before waiving his right to trial in a criminal forum and accepting punishment under Article 15." *United*

States v. McLemore, 9 M.J. 695, 698 (N.C.M. R.1980).

The only question that we have been asked to review concerns the correctness of the lower court's holding that the exhibits introduced into evidence by the Government adequately demonstrate that the appellant was advised of his rights as to nonjudicial punishment. We observe that under our recent decisions in *United States v. Hayes*, 9 M.J. 331 (C.M.A.1980), and *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), the Article 15 record clearly met the requisite conditions for admission as evidence insofar as advice of rights is involved. Accordingly, we answer the certified question in the affirmative.

The appellant did not seek to question in this Court the issue of the alleged omission of the date of the offense from exhibit 2, which recorded his nonjudicial punishment. However, we observe that in item 2 of this document is recited the command where the accused was stationed at the time of the Article 15. The portion of the service record which was admitted as prosecution exhibit 1 reveals that he had been at this command for less than one month before the nonjudicial punishment was administered. Thus, exhibit 1 provides to a substantial extent the information about the date of the offense which was not filled in on the record of nonjudicial punishment; and it makes clear that the offense involved was not one which, because of its staleness, could not be considered for sentencing purposes under applicable directives. Under such circumstances, we conclude that the requirements imposed by *United States v. Negrone*, 9 M.J. 171 (C.M. A.1980), have been satisfied.

We note, however, that these exhibits offered by the Government are defective in an important respect. Although they demonstrate that McLemore was advised of his right to decline nonjudicial punishment, they do not reveal what choice he made. In this respect they differ from the records of nonjudicial punishment we considered in *United States v. Doran*, 9 M.J. 385 (C.M.A.

1980); and *United States v. Hayes, supra; United States v. Mack, supra.*

In *United States v. Mack, supra,* at 324, we ruled that Congress had left the Armed Services free to use any "reasonable and adequate means of evidencing and recording the accused's election" to decline nonjudicial punishment. The two documents that were admitted by the military judge neither evidence nor record such an election—although they demonstrate that appellant was advised that he could elect. In short, if an objection had been made at trial that none of the exhibits supplied this essential item of information, it should have been sustained and the evidence excluded.

■ However, apart from the previously discussed omission on one exhibit of the date of the offense, every entry that appeared to be required by the documents had been made. In *United States v. Negrone, supra,* obvious omissions in a record offered in evidence placed the military judge on notice that there had been defects in its preparation. Under these circumstances, we held that lack of defense objection did not constitute a waiver. In the case at hand, the defect lies in the failure of the forms to provide space for all the information which should be recorded in order to establish a basis for admissibility. Under these circumstances, the responsibility rests on defense counsel to interpose an objection—or else be subject to a waiver.[1]

Moreover, even if we assumed that the military judge erred in receiving in evidence the questioned exhibits, we also are convinced that, under the circumstances disclosed by this record of trial, the appellant was not prejudiced thereby as to his sentence.[2]

Accordingly, the decision of the United States Navy Court of Military Review is affirmed.

FLETCHER, Judge (dissenting):

In answering the certified question under the majority's conclusion in *United States v. Mack,* 9 M.J. 300 (C.M.A.1980), interpreting *United States v. Syro,* 7 M.J. 431 (C.M.A.1979); *United States v. Mathews,* 6 M.J. 357 (C.M.A.1979); and *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), I find that I have another concern which is just as basic as the certified question therein.

Accepting the majority's conclusion as to the question of waiver of legal advice, I find that the form introduced and admitted into evidence against the accused, Court Memorandum NAVPERS 1070/607 (Rev. 10–71), as prosecution exhibit 2, is deficient in two other areas.

First, NAVPERS 1070/607 (Rev. 10–71) is an administrative pay and procedure form utilized in the Naval Service to provide pertinent information to those who determine the pay of an individual service member. *See* para. 90436 *a,* NAVPAY-PERSMAN. It particularly refers to nonjudicial punishment actions that affect pay or cause a "reduction in rate" or nullify a "previously reported reduction in rate." *See* para. 90436 *a*(3). Accordingly, it was not particularly devised for the use made of it at appellant's court–martial.

Section 0117 of the Manual of the Judge Advocate General of the Navy provides, however, that (emphasis added):

In accordance with the authority contained in paragraph 75 *d,* MCM, the trial counsel may, prior to sentencing, obtain and present to the military judge, for use by either the court members or the military judge if sitting alone, *personnel records of the accused or copies or summaries thereof. Personnel records of the accused include all those records made or maintained in accordance with Departmental regulations which reflect the past conduct and performance of the accused. Records of nonjudicial punishment must relate to offenses committed prior to trial*

---

1. The Military Rules of Evidence now have taken a very expansive view of waiver by failure to object. *See* Rule 103(a)(1).

2. Interestingly, we also note that in Appellate Exhibit 7, the accused authorized his attorney not to argue against adjudication of a bad–conduct discharge.

and during the current enlistment or period of service of the accused, provided such records of nonjudicial punishment shall not extend to offenses committed more than two years prior to the commission of any offense of which the accused stands convicted. In computing the two year period, periods of unauthorized absence as shown by the records of nonjudicial punishment or by the evidence of previous convictions should be excluded. *See* paragraph 75*d*, MCM, for applicable procedural regulations.

It is reasonable to assume that these personnel records or summaries will adequately reflect the appellant's nonjudicial punishment for purposes of paragraph 75*d*, Manual for Courts–Martial, United States, 1969 (Revised edition). *See generally United States v. Johnson*, 19 U.S.C.M.A. 464, 42 C.M.R. 66 (1970).

Before nonjudicial punishment can be carried out, the accused must exercise or waive his right to trial by court–martial. This right is granted to the accused by Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815, and reiterated by the President in paragraph 132 of the Manual for Courts–Martial. In the Marine Corps, this election is reflected in NAVMC 10132 (Rev. 8–75), the Unit Punishment book. Section 6 of this form provides (emphasis supplied):

6. I have been advised of and understand my rights under Article 31, UCMJ and Section 0101 of the JAG Manual. *I also have been advised of and understand my right to demand trial by court–martial in lieu of non–judicial punishment. I (do) (do not) demand trial and (will) (will not) accept non–judicial punishment subject to my right of appeal.*

(Date) _____ (Signature of Accused) _____

However, this election is not reflected at all in NAVPERS 1070/607, the exhibit before us. Accordingly, this form cannot be considered a reasonable or adequate means of recording or evidencing the accused's election. *See United States v. Mack*, 9 M.J. 300, 324 (C.M.A.1980).

A summary sufficient to be introduced at a court–martial in compliance with section 0117 of the Manual of the Judge Advocate General of the Navy must show on its face that all statutory rights have been offered or waived. To omit these matters is to ignore essential rights mandated by Congress and the President for these proceedings. I would, therefore, conclude that prosecution exhibit 2 was not admissible without this information.[1]

I would agree that NAVPERS 1070/607 could be introduced if it were complete on its face as showing that the prerequisites for nonjudicial punishment provided for in the Uniform Code of Military Justice and the Manual for Courts–Martial have been met. It is interesting to note that the form entitled "Administrative Remarks," NAVPERS 1070/613 (Rev. 3–73), shown as prosecution exhibit 3, was introduced. Even this form fails to evidence the fact that the appellant elected nonjudicial punishment rather than trial by court–martial. *Cf. United States v. Hayes*, 9 M.J. 331 (C.M.A.1980). However, if the prosecution had also chosen to introduce NAVMC 10132, the Unit Punishment Book, I could not now take these exceptions.

Second, another fatal deficiency exists on the face of prosecution exhibit 2. This Court Memorandum, NAVPERS 1070/607, was not completed in accordance with paragraph 90436 *c*(43)(b), NAVPAYPERSMAN.[2] The date of the offense was not reported in block 42 or anywhere else on this form. This becomes significant because in paragraph 0117, JAGMAN, the Judge Advocate General provides that records cannot be introduced where such records show the offense committed was more than two years before the offense of which an accused stands convicted. It is true, as the opinion of Chief Judge Everett states, that the defense attorney objected only as to the latter

1. *United States v. Negrone*, 9 M.J. 171 (C.M.A. 1980); *United States v. Morales*, 1 M.J. 87 (C.M.A.1975).

2. *See* n. 1, *supra*.

matter. Judge Cook, writing for a unanimous court, stated in *United States v. Morales*, 1 M.J. 87, 88 (C.M.A.1975):

> [W]e decided *United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975), in which we reviewed the effect of the absence of objection by defense counsel upon the trial judge's obligation to conduct the trial in accordance with established principles. We emphasized that, absent circumstances indicating an affirmative waiver by defense counsel of appropriate judicial action required by the evidence, the trial judge was not relieved of his independent duty to take such action. More recently, we held that when "the prosecutor's own exhibit demonstrated the absence" of a sound basis for its admission into evidence, the trial judge must exclude it despite the absence of objection by defense counsel. *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975).

I believe this is still good law; therefore, I must dissent from the majority opinion.