**126**

UNITED STATES, Appellee,

v.

Lawrence Paul KUEHL, Fireman Recruit
U.S. Naval Reserve.

No. 39,472.

NCM 79 1503.

U. S. Court of Military Appeals.

June 8, 1981.

Appellant: *Lieutenant Commander Patrick A. Fayle, JAGC, USN* (on brief).

Appellee: *Commander T. C. Watson, Jr., JAGC, USN, Lieutenant Commander John C. Vinson, JAGC, USN, Major J. Dewayne Littlejohn, USMC* (on brief).

OPINION OF THE COURT

PER CURIAM:

The appellant was tried by a special court-martial with military judge alone at the Naval Legal Services Office, San Diego, California. Pursuant to his pleas, he was found guilty of extortion, assault, and wrongful communication of a threat, in violation of Articles 127, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 927, 928, and 934, respectively. The sentence imposed was a bad-conduct discharge, confinement at hard labor and partial forfeitures for 6 months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for the punitive discharge and forfeitures and confinement for 2 months. After the supervisory authority approved the findings and sentence as modified by the convening authority, the case was reviewed by the United States Navy Court of Military Review sitting *en banc.* The decision of that court affirming the findings and sentence was brought before this Court for review on a certified question concerning the admissibility of evidence of a prior conviction by summary court-martial.[1]

When trial counsel offered into evidence prosecution exhibit 3, a record of trial by summary court-martial, the defense objected because "there's no indication that the accused was afforded the right to see counsel, that he either saw counsel or waived his right to see counsel." Trial counsel then pointed out that the exhibit included a doc-

---

1. The issue certified by the Judge Advocate General of the Navy was:

Was the United States Navy Court of Military Review correct in its determination that the page 13 (NAVPERS 1070/613) entry from the accused's service record contains sufficient advice to render admissible in evidence, as evidence of character of service, a prior summary court-martial (prosecution exhibit 3), introduced pursuant to paragraph 75d, *Manual for Courts-Martial, 1969 (Rev.),* and consistent with *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), and *United States v. Syro,* 7 M.J. 431 (C.M.A.1979)?

ument signed by the accused which advised him of his right to consult with counsel. After examining the prosecution exhibit, the military judge overruled the defense objection.

In light of the specific advice provided to appellant in the document which he signed that "before deciding whether to consent or object to trial by Summary Court-Martial, I have the right to consult with independent legal counsel, and that the United States will provide a military lawyer for such consultation at no expense to me,"[2] we conclude that the record of the summary court-martial was admissible for consideration by the military judge in determining an appropriate sentence. *United States v. Mack*, 9 M.J. 300 (C.M.A.1980). Accordingly, the certified question is answered in the affirmative. Moreover, in light of the convening authority's substantial reduction of the sentence pursuant to the pretrial agreement, the admission of the exhibit—even if it had been erroneous—would not have prejudiced appellant.

Accordingly, the decision of the United States Navy Court of Military Review is affirmed.

FLETCHER, Judge (concurring in part, dissenting in part):

We should act in this case consistent with our opinions in *United States v. Clay*, 10 M.J. 269 (C.M.A.1981), and *United States v. McAnally*, 10 M.J. 270 (C.M.A. 1981). The majority opinion clearly indicates that, regardless of the resolution of the certified question, it would not result in "a material alteration of the situation for the accused or for the Government." I agree with this conclusion. I expressly disassociate myself from the unnecessary conclusion, if any, drawn by the lead opinion as to the import of the decision in *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), on records of summary courts-martial. *See United States v. Mack, supra* (FLETCHER, J., dissenting).

---

**2.** The advice form which appellant signed also recites at one point, "I understand that, a conviction by a Summary Court-Martial is not considered a federal conviction," and at a later point, "I understand that, a conviction by a Special Court-Martial is considered a federal conviction." Even though a trial by summary court-martial is not a criminal prosecution within the ambit of the Sixth Amendment, *cf. Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), a conviction by such a court is still, in some ways, a "federal conviction." For example, some employers and law enforcement agencies may view it as a "federal conviction." However, the incompleteness of the advice recorded on the form was not of sufficient magnitude to alter our conclusion that the record of trial by summary court-martial was admissible.