UNITED STATES, Appellee,

v.

Private E-1 Kenneth B. TAYLOR, SSN 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 United States Army, Appellant.

SPCM 15697.

U. S. Army Court of Military Review.

3 Sept. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert D. Ganstine, JAGC, Captain James S. Currie, JAGC, and Major Alan W. Schon, JAGC, were on the pleadings for the appellant.

Major Ted B. Borek, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain David H. Johnson, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

The issue presented by this case is whether the rule of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), vacated in part, 5 M.J. 246 (C.M.A.1978), is viable in light of *United States v. Cofield*, 11 M.J. 422 (C.M.A. 1981) and *United States v. Kuehl*, 11 M.J. 126 (C.M.A.1981).

In *Booker*, the Court of Military Appeals established the requirement that the Government demonstrate that the accused was advised of his right to consult with counsel concerning the nature of a summary court and his right to refuse its jurisdiction before any record of conviction by that court could be admitted at a subsequent court-martial. In *United States v. Syro*, 7 M.J. 431 (C.M.A.1979), the court reiterated their earlier holding making clear that the *Booker* threshold requirement applied even when the record was introduced for purposes of aggravation as a personnel record that reflected his past conduct and performance.[1]

In *Kuehl*, the court held that a particular form that was attached to a record of trial by summary court-martial and signed by

1. Inasmuch as the records in *Syro* reflected summary courts-martial tried prior to the *Booker* decision date, the court in that case held that it was not error to admit them at a post-*Booker* trial as a record of past performance.

the appellant, which advised him of his right to consult with counsel, satisfied the government's burden for admissibility in aggravation on sentencing, citing *United States v. Mack*, 9 M.J. 300 (C.M.A.1980).[2]

*Mack*, while addressing the adequacy of the printed advice regarding the availability of counsel on a Department of the Army Form 2627, "Record of Procedings Under Article 15, UCMJ", ranged far beyond that narrow issue to reveal the view of each of the members of the current court on *Booker* generally. Both of the two judges who originally decided *Booker* adhered to their opposing views. The new chief judge, while acknowledging that there was no statutory or constitutional impediment to the use of records of "uncounselled" (in the *Booker* sense) non-judicial punishment solely as records of prior military performance, expressed his unwillingness to overrule *Booker*. We believe his view extends to records of uncounselled summary courts-martial as well. This conclusion is aided by the citation to *Mack* in *Kuehl*.

■ Finally, in *United States v. Cofield*, 11 M.J. 422 (C.M.A.1981), the Court of Military Appeals was faced with, *inter alia*, the issue of whether a record of a prior summary court-martial for larceny could be utilized to impeach the accused at a subsequent court-martial without satisfying the *Booker* requirement. The answer to that question was simply "no". They did hold, however, that a panel of this court did not err in sustaining the trial judge's admission of the record for his consideration in determining a proper sentence. In so holding they stated:

> We recently observed "that the record of the summary court-martial was admissible for consideration by the military judge in determining an appropriate sentence." *United States v. Kuehl*, 11 M.J. 126, 127 (C.M.A.1981); *see United States v. Mack*, 9 M.J. 300 (C.M.A.1980). There-

fore, the military judge was correct in admitting this record during presentencing for aggravation of the sentence.[3]

The breadth of the language suggests a retreat from *Booker*, at least insofar as admission solely for aggravation of sentence is concerned. But the opinion's references to *Kuehl* and *Mack* and the silent concurrence of Judge Fletcher raise grave doubts concerning their direction. It would have been simpler to decide the sentencing aspect of the case by merely citing *Syro* inasmuch as the summary court-martial whose record was being challenged was tried prior to the *Booker* decision. Because of the clarity of the Court of Military Appeals in *Mack* and *Kuehl* in declining to overrule *Booker* in any of its aspects, we are reluctant to believe the Court intended to do so in such an oblique fashion in *Cofield*. Accordingly, it was error for the trial judge in the case *sub judice* to consider the record of the prior summary court-martial even as evidence of his past performance without first establishing that the accused had been aware of his right to consult with counsel and afforded an opportunity to do so.

■ This does not end our concern, however, since this case was tried under the new Military Rules of Evidence (MRE). This Court has already held in *United States v. Beaudion*, 11 M.J. 838 (A.C.M.R. 1981), that the erroneous admission of records of nonjudicial punishment bearing no discernable markings reflecting a lack of demand for trial and other elections is waived under MRE 103(a) in the absence of an objection. Bearing in mind that the purpose of MRE 103(a) is to litigate all such matters at the trial level and to permit evidentiary foundational defects to be cured by the offering party if possible, we believe the rule for *Booker* defects should be the same for summary court-martial records as for records of nonjudicial punishment.

---

**2.** In *Mack*, the court addressed the adequacy of the printed advice regarding availability of counsel on Department of the Army Form 2627, "Record of Proceedings Under Article 15, UCMJ", and found it to be adequate.

**3.** *United States v. Cofield*, 11 M.J. 422, 426, n.4 (C.M.A.1981).

In the instant case, there was no defense objection. Had there been one, the trial counsel may well have been able to lay a proper foundation through the testimony of a witness or by means of other available records.[4] Thus, the error, not rising to the level of "plain error" contemplated in Rule 103(d), was waived.

The findings of guilty and the sentence are affirmed.

---

4. Whether, alternatively, the military judge could have cured the deficiency by directly questioning the appellant as authorized by *United States v. Mathews*, 6 M.J. 357 (C.M.A. 1979), has been placed in doubt by *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). While it was a capital case, the language of *Estelle* did not appear to be restricted to those cases. Rather the Court stated broadly:

> The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, commands that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." The essence of the basic constitutional principle is "the require-

ment that the State which proposes to convict *and punish* an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips." *Culombe v. Connecticut*, 367 U.S. 568, 581–582 [81 S.Ct. 1860, 1867, 6 L.Ed.2d 1037] (1961) (opinion announcing the judgment) (emphasis added). *See also Murphy v. Waterfront Comm'n*, 378 U.S. 52, 55 [84 S.Ct. 1594, 1596–1597, 12 L.Ed.2d 678] (1964); E. Griswold, The Fifth Amendment Today 7 (1955).

*See* also *United States v. Gordon*, 5 M.J. 653 (A.C.M.R.1978).