UNITED STATES

v.

**John James WHEATON, 402 98 9193, Fireman Recruit (E–1), U.S. Navy.**

NMCM 82 3841.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 26 March 1982.

Decided 31 March 1983.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Judy A. Jacobson, JAGC, USNR, Appellate Defense Counsel.

CDR Richard A. Monteith, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

GARVIN, Judge:

Appellant was tried by military judge alone at a special court-martial held at the Naval Legal Service Office, Norfolk, Vir-

ginia. He was found guilty, pursuant to his pleas, of a larceny in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921, and of an unauthorized absence of about 10 days in violation of Article 86, UCMJ, 10 U.S.C. § 886. The sentence imposed was a bad-conduct discharge, confinement at hard labor and partial forfeitures for three months. In accordance with a pretrial agreement, the convening authority approved the sentence but suspended confinement at hard labor in excess of seventy-five days. Appellant assigns three errors on appeal.

## I

THE MILITARY JUDGE ERRED IN ADMITTING PROSECUTION EXHIBITS 1 THROUGH 3 INTO EVIDENCE WITHOUT PROOF THAT APPELLANT HAD WAIVED HIS RIGHT TO REFUSE NONJUDICIAL PUNISHMENT, AND PROSECUTION EXHIBIT 1 SHOULD NOT HAVE BEEN ADMITTED BECAUSE APPELLANT WAS NOT INFORMED OF THE POSSESSION OF MARIJUANA CHARGE BY APPELLATE EXHIBIT I.

The trial defense counsel objected to the three prosecution exhibits on the grounds that the documents did not contain the accused's election to waive his right to confer with a lawyer, nor did they contain the accused's written waiver of his right to refuse nonjudicial punishment. The defense also objected to Prosecution Exhibit 1 because Appellate Exhibit 1 failed to inform appellant of an allegation of wrongful possession of marijuana.

Prosecution Exhibits 1, 2, and 3 were received into evidence during sentencing as proof of three separate prior nonjudicial punishments. In support of the exhibits, the Government presented Appellate Exhibits 1, 2, and 3. They are titled "Nonjudicial Punishment, Accused's Acknowledgment of Hearing Rights." Each of these exhibits contains the signature of appellant signifying that he was advised of 1) the right to refuse nonjudicial punishment, 2) the procedures applicable to nonjudicial

punishment hearings, and 3) the right to consult with a lawyer prior to making a decision whether to accept or refuse nonjudicial punishment.

## A.

Rephrased, the first issue we choose to address in detail is:

IN THE ABSENCE OF WRITTEN PROOF THAT THE ACCUSED WAIVED HIS RIGHT TO CONSULT WITH A LAWYER, ARE THESE RECORDS OF NONJUDICIAL PUNISHMENT ADMISSIBLE FOR SENTENCING IF THE GOVERNMENT HAS SHOWN THAT AN ACCUSED WAS ADVISED OF THIS RIGHT PRIOR TO THE NONJUDICIAL PUNISHMENT HEARING?

We hold that such records are admissible.

█ In the instant case, the written advice contained in Appellate Exhibits 1–3 is comprehensive. In fact, the Appellate Exhibits contain advice similar to that which a military lawyer would provide. Manual of the Judge Advocate General (JAGMAN), JAGINST 5800.7B, 10101d. We recognize that the Appellate Exhibits are not replicas of Appendix A–1–t in the JAGMAN. That is, they do not contain spaces in which to record the accused's written elections to obtain or waive the advice of a lawyer or to accept or reject nonjudicial punishment and demand trial by court-martial in lieu thereof. However, they do advise that:

If not attached to or embarked on a vessel, I further understand that I have the right to consult with a lawyer prior to deciding whether to accept or refuse punishment under Article 15, UCMJ. Should I desire to consult with counsel I understand that a military lawyer will be made available to advise me, free of charge, or in the alternative, I may consult with a civilian lawyer at my own expense.

The Appellate Exhibits are signed by the appellant and his signature is witnessed by another person.

We presume, based on the facts of this case, that either the appellant waived his

right to consult with a lawyer, or he consulted a lawyer and decided not to demand trial by court-martial.

Had appellant been denied the opportunity to obtain the advice of a lawyer he could, and should, have taken the stand to offer testimony for the limited purpose of refuting a presumption that he had received this advice. Appellant had the means to contest the fact that he received the full protection of his legal rights. Military Rules of Evidence (MRE) 104(d).[1] He did not do so.

### B.

Rephrased, the second issue we choose to address in detail is:

IN THE ABSENCE OF WRITTEN PROOF THAT THE ACCUSED WAIVED HIS RIGHT TO REFUSE NONJUDICIAL PUNISHMENT, ARE THESE RECORDS OF NONJUDICIAL PUNISHMENT ADMISSIBLE FOR SENTENCING IF THE EXHIBITS AND THE APPLICABLE PRESUMPTIONS SHOW THAT THE ACCUSED WAS ADVISED OF THIS RIGHT PRIOR TO THE NONJUDICIAL PUNISHMENT HEARING?

■ We hold that such records are admissible.

We know that the command explained to the accused his right to refuse nonjudicial punishment.

The Appellate Exhibits contain this advice:

3. That I have the right to refuse an Article 15 hearing if I am not attached to or embarked in a vessel;

The Appellate Exhibits are signed by the appellant, and his signature is witnessed by another person.

We continue our analysis on the admissibility determination by turning to paragraph 132, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), which guarantees any person not attached to or embarked in a vessel the right to refuse nonjudicial punishment, and to demand trial by court-martial in lieu

thereof. Immediately thereafter, paragraph 133*b*, MCM, describes the elemental requirements which are applicable to nonjudicial punishment proceedings. It clearly states that a commanding officer "may not impose nonjudicial punishment while a demand for court-martial is in effect."

The JAGMAN augments the MCM requirements. The JAGMAN regulations govern Navy/Marine Corps nonjudicial punishment proceedings. They constitute the Secretary of the Navy's implementation of MCM provisions applicable to nonjudicial punishment proceedings. *See* JAGMAN Section 0101d.

Subsection (1) of Section 0101d of the JAGMAN requires the officer contemplating holding a nonjudicial punishment hearing to fully advise an accused of *all* applicable legal rights to which he is entitled. The JAGMAN recommends that designated appendices be considered as an aid to advise an accused of his rights, and that appropriate service-record entries be made to record the fact that such advice has been provided the accused before the hearing is held. This portion of Section 0101d is not mandatory, although it does provide sound advice of what actions should be taken prior to the hearing.

Navy activities are further required by section 5030500 of the Naval Military Personnel Manual (NAVPERSMAN) to report and record disciplinary offenses and their disposition on a NAVPERS form 1626/7. The completed NAVPERS 1626/7 is retained in the Command Unit Punishment Book as required by the NAVPERSMAN and U.S. Navy Regulations, 1973.

Before a nonjudicial hearing is completed, the NAVPERS 1626/7 must reflect that an accused has been informed that he has the right to remain silent and that he may demand trial by court-martial in lieu of nonjudicial punishment. Standard procedure requires that an accused read and execute the election to submit to nonjudicial punishment either prior to, or during, the

---

1. MRE 104(d) Testimony by accused. The accused does not, by testifying upon a preliminary matter, become subject to cross-examination as to other issues in the case.

hearing. The election is contained within the NAVPERS 1626/7 and it is executed before a witness. It thereafter becomes a part of the Command Unit Punishment Book.

We presume that the command complied with the regulations cited above.

We also note the trial judge's conclusion that "obviously refusing it [nonjudicial punishment] would not be relevant because we wouldn't be discussing this issue if he refused it." R. 2.

Had appellant been denied his right to refuse nonjudicial punishment, up to the time punishment was announced by the convening authority, he could, and should, have taken the stand to offer testimony for the limited purpose of refuting a presumption that he was afforded the right. He did not do so.

### C.

Rephrased, the third issue we choose to address is:

IN THE ABSENCE OF WRITTEN PROOF THAT THE ACCUSED WAS INFORMED OF THE POSSESSION OF MARIJUANA CHARGE REFLECTED BY PROSECUTION EXHIBIT 1, IS THE RECORD OF NONJUDICIAL PUNISHMENT ADMISSIBLE FOR SENTENCING?

■ We hold that Prosecution Exhibit 1 is admissible over the defense objection.

We have applied the presumption that the commanding officer complied with paragraph 133*b*(2), MCM, and advised the accused of the offenses of which he was suspected prior to holding the hearing reflected in Prosecution Exhibit 1. We find that the record of nonjudicial punishment is admissible for consideration in determining an appropriate sentence. *United States v. Mack,* 9 M.J. 300 (C.M.A.1980); *United States v. Kuehl,* 11 M.J. 126 (C.M.A.1981).

### Conclusion.

We are convinced that the trial judge properly determined to his satisfaction that the offered exhibits were complete and regular on their faces and that they establish a valid waiver of appellant's right to refuse nonjudicial punishment after he had been advised of the allegations against him. We are further convinced that appellant either waived his right to confer with counsel, or that he did confer with counsel before he waived his right to refuse nonjudicial punishment. We reach these conclusions by applying the presumptions of regularity discussed above. We presume that appellant was advised of his rights as enumerated by the MCM and JAGMAN, and we note that Prosecution Exhibits 1, 2, and 3 record the results of appellant's nonjudicial punishment hearings. We further presume that appellant's written waiver of his right to refuse nonjudicial punishment is contained in the Unit Punishment Book. The accused did not come forward with evidence to rebut the presumption. The forms used by appellant's command to record the prior nonjudicial punishments do, in fact, accurately reflect the results of the hearings. Appellant does not attack the exhibits on the ground that they contain false or misleading information. We find that the trial judge properly admitted the exhibits.

We view *United States v. Kuehl, supra,* and *United States v. Mack, supra,* as controlling. The Government produced unrebutted evidence that appellant was fully advised of his rights.

The issue presented by this case is distinguishable from *United States v. Sauer,* 15 M.J. 113 (C.M.A.1983) and the dicta contained in *United States v. McLemore,* 10 M.J. 238 (C.M.A.1981). Those cases do not address the issue of whether the failure of a form to provide space to record an accused's elections materially prejudices his substantial rights. MRE 103(a).[2] The Navy forms here in question differ significantly from incomplete Army forms which have been rejected by the Court of Military Appeals because Appellate Exhibits 1, 2, and 3 do

---

2. Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or ex-

cludes evidence *unless the ruling materially prejudices a substantial right of a party....*

not contain incomplete elections which must be executed by the accused pursuant to regulation, as was the case with the Army Forms. Appellate Exhibits 1, 2, and 3 are complete on their faces.

■ We adopt our position recognizing that the Government may present personnel records which reflect the past conduct and performance of the accused for sentencing. Paragraph 75b, MCM; section 0117, JAG-MAN; MRE 1101(c). Evidence of nonjudicial punishment is offered to reflect previous attempts to correct behavior through the use of authorized disciplinary measures. It provides the court with information concerning the rehabilitation potential of an accused. *United States v. Mack, supra;* paragraph 75b(2), MCM.

■ Consequently, the issue of admissibility is resolved against appellant. We hold that, in the search for truth, records of nonjudicial punishment are admissible for sentencing once the Government establishes that an accused was advised of his right to consult with a lawyer prior to making an election to accept or refuse nonjudicial punishment and of his right to refuse nonjudicial punishment. Such records may be introduced pursuant to paragraph 75b, MCM, as evidence of the character of an accused's prior service after compliance with the threshold requirement of *Booker* has been established. *United States v. Kuehl,* 9 M.J. 850 (N.C.M.R.1980), affirmed at 11 M.J. 126 (C.M.A.1981). Thereafter, an accused may come forward to refute the presumption of regularity; and, upon a showing by the defense of noncompliance with the warning requirements, or that the accused did not waive his rights, the exhibit must be rejected.

## II

Appellant's second assignment of error is: THE MILITARY JUDGE ERRED IN NOT EXPLAINING THE ELEMENTS OF THE OFFENSE OF SPECIFICATION 2 OF CHARGE II TO APPELLANT DURING THE PROVIDENCE INQUIRY. [Citation omitted].

■ The procedure followed by the military judge in conducting an inquiry into the guilty plea to specification 2 of Charge II was not a model to determine compliance with paragraph 70b, MCM, and the pertinent cases. However, the military judge did detail the elements of the offense of unauthorized absence in the progression of questions posed to the accused. We view *United States v. Kilgore,* 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971), and the dicta of *United States v. Pretlow,* 13 M.J. 85 (C.M.A.1982), as controlling. We are satisfied with the *Care* compliance and reject this assignment of error.

## III

Appellant's third assignment of error is: AN UNSUSPENDED BAD–CONDUCT DISCHARGE WAS AN INAPPROPRIATELY SEVERE SENTENCE BECAUSE APPELLANT HAD COMMITTED THE OFFENSE ON THE IMPULSE OF THE MOMENT; HE WAS YOUNG; HE WAS REPENTANT OF HIS OFFENSES; HE DESIRED TO REMAIN IN THE NAVY; AND THE MILITARY JUDGE RECOMMENDED SUSPENSION OF THE DISCHARGE. [Citation omitted].

■ We find that an unsuspended bad-conduct discharge is appropriate for this accused. He stands convicted of a larceny from a fellow service-member and a ten-day unauthorized absence. Moreover, in light of the convening authority's mitigating action of suspending a substantial portion of the confinement·at hard labor pursuant to the pretrial agreement, and the admission of Prosecution Exhibits 1, 2, and 3 for sentencing, we find that appellant appropriately received exactly what he had bargained for.

Accordingly, the findings and sentence as approved on review below, are affirmed.

Judge BYRNE concurs.

GLADIS, Senior Judge (dissenting):

I dissent because the first assignment of error has some merit. Prosecution Exhibits

1 through 3, evidence of three prior nonjudicial punishments, were inadmissible because the record does not show that the accused waived his right to refuse nonjudicial punishment.

The issue has been addressed and resolved in *United States v. McLemore*, 10 M.J. 238 (C.M.A.1981). I refuse to join the majority in its disregard of applicable precedent. It is not the function of an intermediate appellate court to overturn rules promulgated by a higher court, even if the intermediate court considers the rules to be misguided. *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam opinion). *United States v. Heflin*, 1 M.J. 131, 132, n. 6 (C.M.A.1975).

The documents used here for the purpose of establishing compliance with *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), were similar to those used in *McLemore, supra.* Although they demonstrate that the accused was advised of his right to refuse nonjudicial punishment, they do not reveal what choice he made. In *McLemore*, the Court of Military Appeals found that these forms were defective because they do not evidence the accused's election, but that the defect was waived by the defense's failure to object. The Court stated "... if an objection had been made at trial that none of the exhibits supplied this essential item of information, it should have been sustained and the evidence excluded." In the case before us, defense counsel made a specific objection at trial. Hence the military judge erred in admitting the evidence.

The majority's characterization of the holding in *McLemore, supra,* as dicta is erroneous. Dicta is defined as opinions of a judge which do not embody the resolution or determination of the court or remarks not necessarily involved in or essential to the determination of the case at bar. BLACK'S LAW DICTIONARY 540, 541 (4th ed. 1968). The rule in *McLemore* is essential to the determination of the case. The Court could not find that error had been waived there, unless it first found that there was error to waive. The majority's reliance on *United States v. Kuehl*, 11 M.J. 126 (C.M.A.1981), and *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), is misplaced. In *Kuehl*, although the Court did not mention it, the Government introduced evidence of the accused's written election to accept trial by summary court-martial. In *McLemore* the Court of Military Appeals specifically considered *Mack* and reached a conclusion contrary to that of the majority here.

The decision in *United States v. Booker, supra,* engendered much confusion. Subsequently, in order to end the confusion, the Court of Military Appeals announced rules in *McLemore* and other cases construing *Booker.* Today the majority rejects the authoritative construction of *Booker* in *McLemore* and returns to the confusion that existed before *McLemore* was decided. Therefore, I dissent.