**UNITED STATES, Appellee,**

v.

**Private (E–1) Raul YANEZ, Junior, SSN 459–29–9027, United States Army, Appellant.**

**SPCM 18551.**

U.S. Army Court of Military Review.

29 July 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Major Patrick F. Crow, JAGC, Captain Brenda L. Lyons, JAGC, and Captain Barbara M. Lederer, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of two specifications of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for five months and forfeiture of $380.00 pay per month for five months.

During the sentencing hearing, the trial counsel offered a summary court-martial promulgating order as proof of a previous conviction. The defense counsel objected on the ground that the order failed to establish compliance with *United States v. Booker,* 5 M.J. 238 (C.M.A.1977); *see United States v. Taylor,* 12 M.J. 561 (A.C.M.R. 1981). In response to the defense objection, the trial counsel offered the original record of trial by summary court-martial contained on page 4 of a DD Form 458. The record of trial contained a typewritten entry, initialled by the appellant, reflecting that the appellant had been advised of his right to consult with a lawyer. The trial defense counsel objected to the DD Form 458 on the ground that it was not authenticated. Notwithstanding the defense objection the military judge accepted the DD Form 458 as an appellate exhibit and ruled that it was sufficient proof of *Booker* compliance to allow admission of the promulgating order reflecting a conviction by summary court-martial. The promulgating order, reflecting a six-day AWOL, was subsequently presented to the court members and considered in sentencing.

The appellant now contends that the military judge erred by considering the unauthenticated record of trial by summary court-martial on which his ruling regarding the admissibility of the promulgating order was based. We hold that the type-written entry on the DD Form 458 was sufficient proof of *Booker* compliance. *See United States v. Kuehl,* 11 M.J. 126 (C.M.A.1981), *aff'g* 9 M.J. 850 (N.C.M.R.1980). Further, since the DD Form 458 was considered only on the question of the admissibility of the promulgating order, we hold that the military judge correctly overruled the defense objection even though the document was not authenticated. Mil.R.Evid. 104(a).

Prior to the adoption of the Military Rules of Evidence, documentary evidence

submitted in connection with interlocutory matters such as the admissibility of evidence was required to be authenticated in the same manner as documentary evidence submitted on the merits. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 75*b*(2) (superseded by MCM, paragraph 75*b*(2) (Change 3, 12 March 1980) and by paragraph 75*b*(3)(c) (Change 5, 1 April 1982)). However, Military Rule of Evidence 104(a) substantially changed military practice, by providing that the military judge is not bound by the rules of evidence when determining preliminary questions such as the admissibility of evidence. Military Rule of Evidence 104(a) is based on Federal Rule of Evidence 104(a). *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Analysis of the Military Rules of Evidence at A18–4. In civilian federal courts the trial judge may consider hearsay or unauthenticated documents to decide a question of admissibility. *See United States v. Haldeman,* 559 F.2d 31, 106–07 (D.C.Cir.1976), *cert. denied sub nom., Mitchell et al. v. United States,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977) (unauthenticated transcript of related case); *United States v. DeLaFuente,* 548 F.2d 528, 531–32 (5th Cir.), *cert. denied sub nom., Stewart v. United States,* 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249 (1977) (unauthenticated written authorization for wiretap); *United States v. Barnes,* 443 F.Supp. 137, 139 n. 2 (S.D.N.Y.1977), *aff'd,* 604 F.2d 121 (2d Cir.1979), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980) (uncertified copy of state court hearing record); *United States v. Tussell,* 441 F.Supp. 1092, 1097 n. 3 (M.D.Pa.1977) (unauthenticated photocopy of customs declaration and aircraft lease); *see also* 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 104[02] at 104–24 through 104–25 (1982); E. Cleary, *McCormick on Evidence* § 53 at 122 n. 91 (2d ed. 1972); S. Saltzburg, L. Schinasi & D. Schlueter, *Military Rules of Evidence Manual* 22 (1981).

Even prior to the adoption of the Federal Rules of Evidence, the usual rules of evidence generally were not regarded as applicable to preliminary hearings on the admissibility of evidence. *See United States v. Matlock,* 415 U.S. 164, 172, 94 S.Ct. 988, 993–94, 39 L.Ed.2d 242 (1974). We believe that military judges are given the same authority under Military Rule of Evidence 104(a) as civilian federal judges have under Federal Rule of Evidence 104(a). Accordingly, we hold that it was permissible for the military judge to consider the record of trial by summary court-martial in order to determine the admissibility of the promulgating order.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.