**UNITED STATES, Appellee,**

v.

**John J. WHEATON, Fireman Recruit, U.S. Navy, Appellant.**

**No. 46417.**
**NMCM 82–3841.**

U.S. Court of Military Appeals.

July 2, 1984.

For Appellant: *Lieutenant Commander Jeanne Carroll*, JAGC, USN; *Captain W. J. Ciaravino*, USMC; and *Lieutenant Judy A. Jacobson*, JAGC, USNR (on brief).

For Appellee: *Commander W. J. Hughes*, JAGC, USN; and *Commander Richard A. Monteith*, JAGC, USN (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by a special court-martial with military judge alone and, pursuant to his pleas, was convicted of larceny and unauthorized absence, in violation of Articles 121 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 886, respectively. The judge sentenced him to a bad-conduct discharge, confinement for 3 months, and forfeiture of $367.00 pay per month for 3 months. The convening authority approved the findings and sentence but suspended confinement in excess of 75 days; and these results later were approved by the supervisory authority.

In affirming the findings and sentence, the United States Navy-Marine Corps Court of Military Review, 15 M.J. 941, held, over Senior Judge Gladis' dissent, that the military judge had properly admitted the records of three nonjudicial punishments into evidence for sentencing purposes. Subsequently, the Judge Advocate General of the Navy certified this issue for our review:

> WAS THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW CORRECT IN ITS RELIANCE ON A PRESUMPTION OF REGULARITY AS A SUBSTITUTE FOR EVIDENCE THAT THE ACCUSED HAD ELECTED TO ACCEPT NONJUDICIAL PUNISHMENT AS INDICATED BY PROSECUTION EXHIBITS 1, 2, AND 3. *UNITED STATES V. MCLEMORE*, 10 M.J. 238 (C.M.A.1981).

I

During the presentencing proceedings, trial counsel offered into evidence prosecution exhibits 1, 2, and 3, each of which was a record of a prior nonjudicial punishment

that Wheaton had received. To support admissibility of each exhibit, trial counsel offered a corresponding appellate exhibit, which was a form entitled, NONJUDICIAL PUNISHMENT—ACCUSED'S ACKNOWLEDGMENT OF HEARING RIGHTS.

The form, which in each instance had been signed by appellant before a witness and dated, first recited the offense of which appellant was suspected and stated that an "Article 15 hearing" was contemplated. Then it listed various rights to which appellant was entitled—commencing with "the right to refuse an Article 15 hearing if I am not attached to or embarked in a vessel" and including the rights to be silent at the hearing regarding the offense charged; to present evidence of innocence or in extenuation or mitigation; and "[t]o be accompanied at the hearing by a personal representative" who "can be anyone who is available and willing to represent me, and may, but need not be, a lawyer." "[T]he right to appeal to higher authority" was listed on the form; and finally, in Item 10, appellant was advised:

> If not attached to or embarked on a vessel, I further understand that I have the right to consult with a lawyer prior to deciding whether to accept or refuse punishment under Article 15, UCMJ. Should I desire to consult with counsel I understand that a military lawyer will be made available to advise me, free of charge, or in the alternative, I may consult with a civilian lawyer at my own expense.

Trial defense counsel objected to all three of the prosecution exhibits on the ground that the forms which advised appellant of his various rights did not indicate whether appellant had decided to consult with a lawyer or whether he had decided to accept nonjudicial punishment. Initially, the judge was disposed to agree with the defense. However, after trial counsel directed his attention to *United States v. Kuehl*, 11 M.J. 126 (C.M.A. 1981), the judge overruled the defense objections and admitted the records of nonjudicial punishment into evidence.

## II

### A

In *Kuehl*, the defense had objected to the admission into evidence of a prior conviction by summary court-martial because the document failed to indicate "that the accused was afforded the right to see counsel, that he either saw counsel or waived his right to see counsel." *Id.* at 126. Trial counsel then called attention to the fact that the proffered prosecution exhibit "included a document signed by the accused which advised him of his right to consult with counsel." *Id.* at 126–27. Citing *United States v. Mack*, 9 M.J. 300 (C.M.A. 1980), we concluded that, in light of the specific advice provided to the accused in the document which he signed, the record of the summary court-martial was admissible for consideration in determining an appropriate sentence.

Although *Kuehl* involved a record of conviction by summary court-martial rather than a record of nonjudicial punishment, we agree with the military judge that it is pertinent to the present case. The rationale of *Kuehl* is that if an accused is given written advice that he is entitled to consult counsel, then it can be presumed that counsel was made available to him. A subsidiary presumption is that, if the right to counsel was not exercised, the accused made an informed decision not to exercise the right. Thus, if an appellant is notified of his right to counsel, it can be presumed either that he consulted counsel or waived his right to counsel. If these presumptions are applicable to a record of conviction by summary court-martial, as we held *Kuehl*, we see no reason not to apply them to a record of nonjudicial punishment.

### B

Under Article 20 of the Uniform Code, 10 U.S.C. § 820, no one may be tried by summary court-martial over his "objection." To avoid any issue as to whether an ac-

cused has objected to trial by summary court, the Manual for Courts-Martial prescribes a form for the record of trial by summary court-martial, whereon the accused checks a block to indicate whether he objects to trial by summary court-martial and then signs the form.[1] Thus, in *Kuehl* there was no occasion to infer whether the accused had waived his right to object to trial by summary court-martial, because on the record of trial he specifically indicated his consent to trial by the summary court-martial.

Article 15, UCMJ, 10 U.S.C. § 815, prohibits imposition of nonjudicial punishment upon a servicemember who demands trial by court-martial, unless he is "attached to or embarked in a vessel." In *United States v. Mack, supra,* we were considering the admissibility of a record of nonjudicial punishment contained in Department of the Army Form 2627, which is used in that Service to record Article 15 proceedings. However, this form contains blocks where the accused indicates whether or not he demands trial by court-martial; and, after checking the appropriate block, he then signs the form.[2] Thus, in *Mack* we did not consider directly whether an accused must specifically indicate in writing his wishes as to the exercise of his statutory right to object to nonjudicial punishment.

Although neither *Kuehl* nor *Mack* applies directly to the case at bar, we conclude that, under their reasoning, the military judge properly admitted the three prosecution exhibits in this case. The presumption of regularity—on which we relied in *Mack*[3]—supports the inference that if nonjudicial punishment was imposed after the accused was advised of his right to trial by court-martial, he must have decided not to exercise that right. In sum, Wheaton's acknowledgment of his right, together with the absence of any indication of his exercise of that right, allows an inference that the right was waived. Accordingly, we answer the certified issue in the affirmative.

### III

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge FLETCHER and Senior Judge COOK concur.

1. The record of trial by summary court-martial appears on page 4 of the charge sheet; and Appendix 5 of the Manual for Courts-Martial, United States, 1969 (Revised edition), sets out the form for the charge sheet.

2. *See United States v. Mack,* 9 M.J. 300, 325 (C.M.A. 1980), where the record of nonjudicial punishment involved in that case is reproduced.

3. 9 M.J. at 322, citing *United States v. Moore,* 8 U.S.C.M.A. 116, 23 C.M.R. 340 (1957); *United States v. Masusock,* 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951).